**CENTRAL FARMERS' TRUST CO. v. RORICK et al.**

No. 6256.

Circuit Court of Appeals, Fifth Circuit.

April 6, 1932.

Jno. P. Stokes, of Miami, Fla., and Loren D. Simon, of West Palm Beach, Fla., for appellant.

Bert Winters, Walter W. Foskett, J. Mark Wilcox, and J. C. Bills, Jr., all of West Palm Beach, Fla., and George R. Effler, of Toledo, Ohio, for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

An action at law was brought by appellant, a Florida corporation, in the circuit court of Palm Beach county, Fla., on a cause of action that accrued in that county, against appellees, H. C. Rorick, a citizen of Ohio, and H. S. Kelsey, a citizen of New Jersey. On the date set for trial appellees were present and successfully resisted appellant's motion to postpone or continue the case, because of the absence of a material witness who lived in New York. Appellant, upon the denial of its motion, dismissed that action, but immediately instituted this one in the same state court. The two actions are identical as to parties, subject-matter, and the relief sought. Appellees were each served with a summons ad respondendum while they were in attendance on court in connection with the first case. On their application the cause was removed, because of diversity of citizenship, to the federal District Court, where they entered special appearances and moved to quash the service of process on the ground that they were immune therefrom while in attendance upon the trial of the case that had just been dismissed. The court granted their motion, and appellant is here contending that in doing so it committed error.

In our opinion appellant is right in its contention. "The general rule that witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit, are immune from service of process in another, is founded, not upon the convenience of the individuals, but of the court itself." Lamb v. Schmitt, 52 S. Ct. 317, 318, 76 L. Ed. ——. In that case the Supreme Court also stated that immunity could not be

enlarged beyond the necessities of judicial administration, nor where the second suit was brought in aid of the first. We think it would be extending the privilege beyond reason to apply it where the plaintiff finds it necessary, because of the absence of a witness, to dismiss his suit and bring it over again without change against the same parties. The situation is not different from what it would have been if the postponement or continuance applied for had been granted. Advantage was not taken of their presence in the state to serve process upon them in an independent or unrelated action. All that was asked by appellant was that the case be postponed until the necessary witness could be present at the trial. Whether, as appellant contends, one court may not undertake to protect another which is capable of protecting itself, we find it unnecessary to decide.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.