## HOLLIDGE v. CRUMPLER et al.
### No. 6125.

United States Court of Appeals for the District of Columbia.

Argued May 9, 1934.

Decided June 25, 1934.

Benjamin M. Kail, of Washington, D. C., for plaintiff in error.

Charles C. Collins, of Washington, D. C., for defendants in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

Appeal from an order of the municipal court sustaining a motion to quash the service of summons upon the defendants in error.

It appears that on September 22, 1933, an action was brought in the municipal court of the District of Columbia against the defendants in error, Paul M. Crumpler, Sr., and Paul M. Crumpler, Jr., who are father and son, to recover damages on account of an automobile accident which happened in the city of Washington, D. C., which plaintiff charged was due to the negligence and carelessness of the defendants. A writ of summons was issued and served upon the defendants in error as defendants in the case.

Afterwards Mr. Crumpler, Sr., appearing specially for the purpose of the motion only, filed in the case a motion to quash the attempted service of process upon him and the return thereof, on the ground that service was made in the police court of the District of Columbia while the defendant in error was in the District for the purpose of attending a criminal hearing as a witness, all as is more fully set out in the affidavit attached to the motion as a part thereof. In the affidavit the defendant in error alleged that on the 22d day of September, 1933, he was and yet is a citizen and resident of the state of North Carolina, and is a physician practicing his profession in the town of Clinton in that state; that he is the father of the defendant in error, Paul Crumpler, Jr.; that on the 19th day of September while affiant's son was in the city of Washington, D. C., the automobile in which he was riding was involved in a colliison with an automobile belonging to the plaintiff in the action; that affiant was notified by wire by his son that he was involved in the automobile accident, and that court action was threatened against him because thereof, whereupon affiant came by train to the city of Washington; that on the 21st day of September, 1933, two police officers arrested affiant's son upon a charge of reckless driving, and affiant and his son accompanied by the officers went to the police court; that affiant's son then agreed to appear in the police court on the next day and produce one Faison who was driving the automobile at the time of the accident; that affiant remained in Washington and went to the police court on the next day for the purpose of assisting his son, and, if necessary, to testify on behalf of his son or Faison; that while in the corridor of the police court waiting for the case against Faison to be called in which affiant had planned to testify, if necessary, the summons in the damage case was served upon him; that the case against Faison was called about an hour after service of the summons upon affiant, and after the hearing of two witnesses the case was nolle prossed by the counsel conducting the prosecution.

At the same time a motion to quash was filed by Paul M. Crumpler, Jr., appearing specially for the purpose thereof, upon the ground that service upon him was made in the police court of the District of Columbia where there was a criminal charge pending against him.

Upon consideration of the motions the municipal court ordered that the service of summons upon the defendants in error be vacated

and set aside, to which the plaintiff then excepted.

██ We agree with the ruling of the municipal court. The defendant in error, Mr. Crumpler, Sr., upon being apprised of the accident in which his son was a participant came from his home in North Carolina to the city of Washington for the purpose of assisting his son in part as a witness in the legal proceedings which were threatened against him. It is a universally recognized principle that a witness while attending a trial in a state other than that of his residence to give evidence enjoys immunity from service of civil process in the foreign state. This immunity is extended to the witness while he is in good faith attending the trial of a cause in court, and so long as may be fairly required to go to and return from the place of the trial. In the case of Stewart v. Ramsay, 242 U. S. 128, 37 S. Ct. 44, 45, 61 L. Ed. 192, opinion by Mr. Justice Pitney, it is said: "The true rule, well founded in reason and sustained by the greater weight of authority, is that suitors, as well as witnesses, coming from another state or jurisdiction, are exempt from the service of civil process while in attendance upon court, and during a reasonable time in coming and going."

In Hale v. Wharton (C. C.) 73 F. 739, 740, it is said: "It is, perhaps, not too much to say that no rule of practice is more firmly rooted in the jurisprudence of United States courts than that of the exemption of persons from the writ of arrest and of summons while attending upon courts of justice, either as witnesses or suitors."

In Engle v. Manchester, 46 App. D. C. 220, it was held by this court that suitors and witnesses not residents of the District of Columbia are exempt from the service of all forms of civil process during their attendance before any judicial tribunal in the District and for a reasonable time in going and returning. And that nonresident party to an interference proceeding in the United States Patent Office while in attendance there by direction of his counsel upon the taking of testimony on behalf of another party is exempt from the service of process in a suit instituted against him in the District of Columbia, and if served with process under such circumstances, the service will at his instance be vacated. It was remarked by the court in that case that "the tendency has been constantly to enlarge the right of privilege so as to afford full protection to suitors and witnesses from all forms of process of a civil character during their attendance before any judicial tribunal and for a reasonable time in going and returning. * * * No one should be deterred from attending the place of trial by reason of liability to be sued in a foreign or distant jurisdiction." It may be observed that in the case just cited the parties came to the Patent Office upon the advice of their counsel to hear the testimony of the opposite party in the interference proceeding. It was only to that extent that they were engaged in a judicial trial when served with summons. Nevertheless it was held by the court that service under such circumstances was void.

In Harvey v. Harvey, 199 Wis. 212, 225 N. W. 703, it was held by the Supreme Court of Wisconsin that a witness from another state while in attendance in good faith upon a court in Wisconsin for the purpose of testifying, whether necessarily in attendance or not, is immune from the service of process subjecting him to liability there. The court in its opinion denied that the rule is limited to such witnesses as are necessarily in attendance, and stated: "In the case of a witness going to a foreign state to testify, he frequently would have no interest in the case but would go voluntarily in the interest of justice. Witnesses are to be encouraged to so attend court without fear of subjecting themselves to process while so in attendance in such foreign state. Such witnesses should not be required to determine at their peril whether or not their attendance is actually necessary. It is enough that the witness acts in good faith in attending upon the court for the purpose of giving testimony as required."

In 50 C. J. 547, the rule with citations is stated as follows: "Witnesses in attendance on a court outside of the territorial jurisdiction of their residence are immune from service of civil process, while attending court, and for a reasonable time before and after, in going to court and returning to their homes; and this immunity is not taken away by a statute prohibiting arrest of persons attending court as witnesses. In the absence of express statute controlling the matter, the rule has generally been held to apply with equal force whether the witnesses are voluntary or subpœnaed witnesses. The rule also applies without regard to the character of the defense which the witness may set up, and the immunity conferred by it is not affected by the fact that the witnesses have some interest in the action; and this is so even in a jurisdiction where a nonresident plaintiff is held not exempt from service of civil process. Nor is the immunity limited to witnesses necessarily in attendance; it is sufficient that they act

in good faith in attending upon the court for the purpose of giving testimony as required and they should not be required to determine whether or not their attendance is actually necessary."

These reasons apply directly in the case of defendant in error, Paul M. Crumpler, Jr., inasmuch as the son at the time of the service was in court waiting to testify as a witness.

The order of the lower court is affirmed, with costs.