## MORSE-KOOB, Inc., v. MILNER EXPORT & TRADING CO., Inc.

### Civ. No. 4681.

United States District Court
W. D. Oklahoma.
June 29, 1950.

Laurence S. Holmes, Wichita, Kan., Gilliland, Withington & Shirk, Oklahoma City, Okl., for plaintiff.

Henry S. Griffing, Oklahoma City, Okl., for defendant.

CHANDLER, District Judge.

The defendant, Milner Export and Trading Company, Inc., a Mississippi corporation, has moved to quash a summons served

upon its president, R. E. Milner, a resident of Mississippi, while the latter was in attendance as a witness at a reorganization proceedings of the Dandee Manufacturing Company, Inc.[1] in the United States District Court for the Western District of Oklahoma. R. E. Milner appeared voluntarily in that proceeding on advice of defendant's counsel that it would be necessary for him to testify in support of defendant's claim against Dandee. His sole purpose in coming to Oklahoma City was to participate in the above hearing. The summons was served upon him[2] while he was in the corridor adjoining the courtroom during a recess which was held prior to the completion of his testimony.

The complaint in this case alleges in substance that defendant became obligated to plaintiff by agreeing that it would see that Dandee paid the balance due to the plaintiff on an open account. This agreement is alleged to have arisen out of a refinancing arrangement made between Dandee and defendant which was Dandee's principal creditor. Plaintiff and defendant have both made claims in the Dandee reorganization.

The defendant's motion to quash is based upon the form of the summons,[3] the absence of the defendant from the state,[4] and the immunity of R. E. Milner from service of process while he was in attendance at the reorganization hearing. Only the third point need be considered herein.

When a nonresident voluntarily attends a judicial proceedings as a witness[5] or a party[6] he is ordinarily immune from service of summons. This immunity extends to a foreign corporation which is the principal of a nonresident agent temporarily within the state in connection with a judicial proceedings.[7] Judicial proceedings include proceedings under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq.[8]

However, to this general rule there is an exception upon which the plaintiff relies. The immunity is not a personal privilege but is a privilege of the court at which the person was in attendance at the time of service and for this reason if the immunity would "obstruct judicial administration in the very cause for the protection of which it is invoked", then the immunity should be withheld.[9] Whether or not there is such an obstruction depends "upon the nature of the proceeding in which the service is made and its relation to the principal suit * * *."[10]

Assuming arguendo that the defendant became a guarantor of plaintiff's claim against Dandee, the question is whether the reorganization will be impeded and an

---

1. Hereafter called Dandee.

2. The summons was directed to R. E. Milner, rather than to the corporate defendant, and the original return showed that it was delivered to him in person together with a copy of the complaint. The complaint was against the corporation and in the praecipe for summons the corporation was the named defendant but summons was to issue to R. E. Milner.

3. See note 2, supra. Rule 4(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., states that "The summons shall * * * contain * * * the names of the parties, and be directed to the defendant * * *." However, Rule 4(h) provides for amendment of the "process or proof of service thereof * * *."

4. Defendant alleges that "it has not qualified to do business in Oklahoma and is not doing business in the State of Oklahoma * * *."

5. Hollidge v. Crumpler, 1934, 63 App.D.C. 330, 72 F.2d 381; Harris Foundation v. District Court, 1945, 196 Okl. 222, 163 P.2d 976, 162 A.L.R. 272.

6. Stewart v. Ramsay, 1916, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192; Harris Foundation v. District Court, 1945, 196 Okl. 222, 163 P.2d 976, 162 A.L.R. 272. Cf. Burroughs v. Cocke & Willis, 1916, 56 Okl. 627, 156 P. 196, L.R.A.1916E, 1170.

7. Union Water Development Co. v. Stevenson, D.C.N.D.Cal.1919, 256 F. 981; Lonsdale Grain Co. v. Neil, 1918, 73 Okl. 221, 175 P. 823; accord, Commonwealth Cotton Oil Co. v. Hudson, 1916, 62 Okl. 23, 161 P. 535. See 113 A.L.R. 154.

8. In re Smith Const. Co., D.C.N.D.Ga. 1915, 224 F. 228; Morrow v. U. H. Dudley & Co., D.C.N.D.Pa.1906, 144 F. 441.

9. Lamb v. Schmitt, 1932, 285 U.S. 222, 228, 52 S.Ct. 317, 319, 76 L.Ed. 720.

10. Id. In the following cases the necessary relationship was found to exist and the immunity withheld: Lamb v. Schmitt, 1932, 285 U.S. 222, 52 S.Ct. 317, 76 L.

injustice be caused if defendant is granted immunity from service in this suit. No adjudication of the rights between plaintiff and defendant is essential to the determination of the rights of either against Dandee. Complete relief may be granted in the reorganization without a settlement of all the conflicting claims of the creditors against one another. In the past immunity has been upheld against service in an action by the trustee in bankruptcy against a nonresident who appeared in support of a claim,[11] and certainly there is even more reason to uphold it here where the suit is by a fellow claimant.

The traditional immunity should not be withheld unless there are strong reasons for doing so. No such reasons are apparent in this case so the defendant's motion to quash is sustained.

Ed. 720 (nonresident attorney for defendant in action to set aside fraudulent conveyances was served in ancillary action to recover from him part of the property in question which was transferred to him by his client while the first action was pending); Central Farmers' Trust Co. v. Rorick, 5 Cir., 1932, 57 F. 2d 664 (nonresident defendants in original action were served in second action which was identical to original action after that action was dismissed by plaintiff because court denied his motion for a continuance); Livengood v. Ball, 1916, 63 Okl. 93, 162 P. 768, L.R.A.1917C, 905 (nonresident plaintiff in original action on note was served in second action to recover usurious interest paid on said note where such interest could not be recovered by counterclaim in the original action and where no recovery of such interest could be had in the state of residence of said nonresident plaintiff); Rizo v. Burruel, 1921, 23 Ariz. 137, 202 P. 234, 19 A.L.R. 823 (nonresident father who instituted habeas corpus proceedings to recover his child from custody of residents was served in action by said residents to adopt the child); Tiedman v. Tiedman, 1913, 35 Nev. 259, 129 P. 313 (nonresident father who instituted habeas corpus proceedings to recover child from wife was served in divorce action by the wife). But cf. Kelly v. Pennington, 1926, 78 Colo. 482, 242 P. 681, 45 A.L.R. 339 (nonresident witness granted immunity from service in the very action for which he came to testify); accord, Lovejoy v. Foster, D. C.N.D.Tex.1948, 77 F.Supp. 415.

11. Morrow v. U. H. Dudley & Co., D.C. N.D.Pa.1906, 144 F. 441.