**UNITED STATES v. KRASNOV et al.**
**KRASNOV et al. v. COMFY MFG.**
**CO. et al.**
**Civ. A. No. 11024.**

United States District Court
E. D. Pennsylvania.

Dec. 22, 1952.

---

19. 46 CFR, 1951 Supp. 228 et seq.

20. 3 CFR, 1950 Supp. 173.

William L. Maher, George W. Jansen, Joseph F. Tubridy, Sp. Assts. to the Atty. Gen., for plaintiff.

Daniel Lowenthal, Philadelphia, Pa., and Wendell Berge, Washington, D. C., for defendants Comfy Mfg. Co. and Fred E. Katzner.

Fred A. Klein, New York City, for defendant, Arthur Oppenheimer, Jr.

C. Brewster Rhoads, Philadelphia, Pa., for cross-claimants Joseph A. Krasnov, Samuel Krasnov and Seymour Krasnov. Leonard L. Kalish, Joseph W. Swain, Jr., Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., of counsel.

CLARY, District Judge.

This is an action under the Sherman Anti-Trust Act, 15 U.S.C.A. § 4, wherein

the United States seeks an adjudication that the defendants have been engaged in monopolistic practices and seeks an injunction restraining them from a continuance or revival of illegal practices and activities in violation of Sections 1 and 2 of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1 and 2. The defendants have also been indicted in this district under Criminal Action No. 15754, returned June 2, 1950, charging the same violations as alleged in the complaint in this action.

For many months attempts were made to reach an agreement between the Government and all of the defendants whereby a consent decree would be entered terminating the above action. Pending those discussions, defendants Krasnov's motion for a more definite statement filed on December 27, 1950 was continued on the Argument List from time to time. When it appeared that no consent decree could be agreed upon, the above motion for a more definite statement was withdrawn under a distinct agreement that on or before June 28, 1952 the defendants Krasnov would file an answer to the merits. The other three defendants, the Comfy Manufacturing Company, Fred E. Katzner and Arthur Oppenheimer, Jr., nonresidents of this district, filed their answers respectively on December 28 and 29 of 1950.

On June 25, 1952, defendants Krasnov moved the Court for an order extending the time to serve their answer until July 21, 1952, which answer, they stated, would contain a cross-claim against the defendants, the Comfy Manufacturing Company, Fred E. Katzner and Arthur Oppenheimer, Jr. This motion was refused as requested, but the time for answering and making a cross-claim was extended to July 14, 1952. On July 14, 1952, defendants Krasnov served their answer and obtained a further order of court extending the time to serve a cross-claim to August 14, 1952. The order entered by the Court on June 25, 1952 expressly stated that the trial of the Government's case was not to be delayed, and it was also understood that the United States reserved the right to move to strike or to object to any cross-claim being interjected into an anti-trust suit. After the defendants Krasnov filed the cross-claim above referred to on August 14, 1952 against the Comfy Manufacturing Company, Fred E. Katzner and Arthur Oppenheimer, Jr., both the United States and defendants Comfy, Katzner and Oppenheimer moved to strike the cross-claim.

Defendants Krasnov are all three residents of the Eastern District of Pennsylvania. Comfy is a resident of the State of Maryland, the Comfy Manufacturing Company being located at Baltimore, Maryland. Katzner is a resident of New York, and Oppenheimer is a resident of Boise, Idaho. Jurisdiction over Comfy, Katzner and Oppenheimer was obtained by court order of June 7, 1950, pursuant to the provisions of Section 5 of the Sherman Anti-Trust Act, 15 U.S.C.A. § 5. The motions to strike on the part of the Government and on the part of defendants Comfy, Katzner and Oppenheimer raise questions both as to jurisdiction and to venue.

Considering first the motion of Comfy, Katzner and Oppenheimer, three grounds are set forth in their written motion to strike which are: (1) that the cross-claim is a sham and does not present any genuine claim or issue in the case; (2) that the cross-claim is barred by the Statute of Limitations; and (3) that the cross-claim is barred by the parol evidence rule and/or the Statute of Frauds. If the cross-claim is cognizable in this court, these are affirmative defenses which would have to be pleaded and, consequently, would afford no reason for the striking of the cross-claim. However, at the argument of the present motion, counsel for Comfy, Katzner and Oppenheimer adopted and asked the Court on their behalf to strike the cross-claims on two of the grounds advanced by the Government, to wit: That actions by the United States for the enforcement of the Anti-Trust Statute do not permit the interposition of monetary cross-claims between two sets of defendants; additionally, that when a defendant under the extraordinary jurisdictional features of Section 5 of the Sherman Anti-Trust Act is subjected to the jurisdiction of a district other than the

one in which he resides, such jurisdiction does not subject such defendant to an in personam action in the nature of a cross action by a joint defendant.

The Government's motion to strike, while very shortly stated, raises not only the two questions above set forth which defendants Comfy, Katzner and Oppenheimer adopted at argument, but also avers that the cross-claim is improperly interposed and that it does not arise out of the transaction or occurrence that is the subject matter of the original action, a condition imposed by Rule 13(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A. as a prerequisite for asserting a cross-claim.

The complaint avers that since 1937 defendants Krasnov and defendant Comfy Manufacturing Company, of which defendant Katzner is President, have been the two largest manufacturers of slip covers in the United States. In 1949 said defendants manufactured approximately 62 per cent of all slip covers manufactured in the United States with thirteen other manufacturers accounting for the remaining 38 per cent, of which the defendants' largest competitor accounted for only 9 per cent of the total slip covers manufactured. During 1949 more than twenty-three million dollars worth of ready-made furniture slip covers of all types were produced in the United States. Defendants Krasnov and Comfy manufactured slip covers in Baltimore, Maryland, and Bethlehem, Pennsylvania, which latter city is within the Eastern District of Pennsylvania, and both shipped and sold the same in interstate commerce to the various states in the United States.

The complaint further charges that in violation of Sections 1 and 2 of the Sherman Anti-Trust Act of July 2, 1890, c. 647, 26 Stat. 209, as amended, 15 U.S.C.A. §§ 1 and 2, the defendants were engaged in a combination and conspiracy in restraint of interstate trade and commerce in the manufacture and sale of ready-made furniture slip covers among the several states of the United States; that they combined and conspired to monopolize the aforesaid trade and commerce in ready-made furniture slip covers, and they attempted to monopolize the aforesaid trade and commerce in ready-made furniture slip covers. The complaint avers that defendants threatened to and will continue such offenses unless the relief prayed for in the complaint is granted. Defendant Oppenheimer is the patentee of U. S. Letters Patent No. 2,100,868, which pertains to the manufacture of ready-made furniture slip covers from knitted fabrics. In 1938 he transferred title of said patent to defendant Comfy, retaining a reversionary interest and rights to certain royalties on slip covers manufactured thereunder. Defendants Krasnov owned Patent No. 1,-984,973 embodying certain inventions in the manufacture of slip covers. The complaint avers that by certain actions including cross licensing, defendants combined and conspired to monopolize the slip cover trade in the United States.

In their cross-claim interposed in this action, Krasnovs aver that any dealings had with defendants Comfy, Katzner and Oppenheimer were the result of an agreement entered into in 1938; that such agreement was induced by false and fraudulent misrepresentations; that these false and fraudulent misrepresentations were not discovered until 1949, when they cancelled the contract, and that they have paid to Comfy $160,000 in royalties which they seek to recover in this cross action.

As stated above, I am not concerned with the written reasons assigned by Comfy, Katzner and Oppenheimer in their motions to strike. Such defenses would go to the merits and would of necessity have to be determined at time of trial. The other problems raised, however, are more substantial. Admittedly any suit on a contract for false and fraudulent misrepresentation and to recover damages for such false and fraudulent misrepresentation could be brought by the Krasnovs against the other three defendants in this district only under the provisions of Section 1391 (a) of Title 28 U.S.C.A. relating to venue (the three Krasnovs being residents of this district). The effectiveness of the suit, however, would depend upon their ability to get service on the said three defendants, Comfy a resident of Baltimore, Katzner a

resident of New York, and Oppenheimer a resident of Idaho. It is admitted that all three are not residents of or doing business in this district and that the Krasnovs could not possibly obtain service of process out of this court upon any of the three unless the general appearance entered by them in the anti-trust action subjects them to service of an in personam claim in this district. Defendants Krasnov argue that under the Rules 4 and 5 and 13(g) of the Federal Rules of Civil Procedure defendants Comfy, Katzner and Oppenheimer are amenable to such service.

This contention requires an examination of the question as to whether the Congress of the United States by conferring jurisdiction upon the district court where an anti-trust suit is brought against citizens of other states under Section 5 of the Sherman Anti-Trust Act intended to or did require any defendant so summoned to answer in that district more than the charges embraced in the complaint on which the order to summon the out-of-state defendant was issued. Non-resident parties litigant are generally cloaked with exemption from service of process in other cases while in attendance at, getting to, or returning from court. 42 Am.Jur. Section 139 et seq. In some jurisdictions where a party plaintiff has voluntarily chosen a foreign forum, a few of the states, because of the voluntary choosing of the forum, have permitted service of process while in attendance at court. But the greater weight of authority is that even in a voluntary choosing of the forum, plaintiffs are exempt from service of process going to, attending, or returning from court. 42 Am.Jur. Section 144, and cases there cited. Again, admittedly the three moving defendants have never been personally served within the Eastern District of Pennsylvania. Defendants Krasnov have attempted to effect service of the cross-claim by service only upon the attorney who entered his appearance for defendants Comfy, Katzner and Oppenheimer, and who filed an answer in defense of the anti-trust action. In short, the contention of defendants Krasnov and cross complaint plaintiffs is that by implication the Federal Rules of Civil Procedure have extended the provisions of the Act of 1890, Section 5 of the Sherman Anti-Trust Act, to permit acquisition of jurisdiction by this Court over purely private claims between the parties. With that contention I cannot agree. The Federal Rules of Civil Procedure were not designed to enlarge the jurisdiction of this Court. The Federal Rules of Civil Procedure prescribe the method by which the jurisdiction of this Court is to be exercised but in no way enlarge the jurisdiction of the Court. U. S. v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058. The section, 15 U.S.C.A. § 5, under which these three defendants were summoned into this district confers jurisdiction on this Court, as I read the Statute, *only* for the purpose of preventing and restraining violations of the Sherman Anti-Trust Act. As stated by Mr. Justice Brandeis in Robertson v. Railroad Labor Board, 268 U.S. 619, at page 624, 45 S.Ct. 621, at page 623, 69 L.Ed. 1119, Section 5 of the Sherman Act, empowering a District Court to summon a party before it although he resides in another district constitutes one of the "few clearly expressed and carefully guarded exceptions to the general rule of jurisdiction in personam". His comment shows that the general rule established by the Judiciary Act of September 24, 1789 was in accord with common law and has been the general rule in the United States ever since, 268 U.S. at page 622, 45 S.Ct. at page 622:

> "In a civil suit in personam, jurisdiction over the defendant, as distinguished from venue, implies, among other things, either voluntary appearance by him or service of process upon him at a place where the officer serving it has authority to execute a writ of summons. Under the general provisions of law, a United States District Court cannot issue process beyond the limits of the district. Harkness v. Hyde, 98 U.S. 476, 25 L.Ed. 237; Ex parte Graham, 3 Wash. 456. And a defendant in a civil suit can be subjected to its jurisdiction in per-

sonam only by service within the district. Toland v. Sprague, 12 Pet. 300, 330, 9 L.Ed. 1093. Such was the general rule established by Judiciary Act Sept. 24, 1789, c. 20, § 11, 1 Stat. 73, 79, in accordance with the practice at the common law. Piquet [Picquet] v. Swan, Fed.Cas.No.11,134, 5 Mason 35, 39 et seq. And such has been the general rule ever since."

Another factor which is indicative of the lack of intent of Congress that private quarrels should be litigated in an anti-trust suit by the United States is the Expediting Act of 1903, 15 U.S.C. §§ 28 and 29. Section 28 empowers the Attorney General of the United States to certify to the Clerk of a District Court in which an anti-trust suit is pending that the case is of general public importance. This requires the presiding Circuit Judge to immediately designate a three-judge court to promptly hear and determine the cause. Section 29 provides that an appeal in an anti-trust action wherein the United States is complainant lies only to the Supreme Court of the United States. Certainly, it would be extending the intent of Congress to permit this extraordinary privilege to be used at will by private litigants. The effect of permitting cross-claims between groups of defendants in anti-trust actions would of necessity protract and delay litigation in violation of the express intent of Congress to expedite matters of this sort, particularly where an appeal to the Supreme Court of the United States is a matter of right and not of grace. I hold, therefore, that this Court did not acquire in personam jurisdiction over these defendants by their appearance to answer an anti-trust action and further that cross-claims between groups of defendants are not permitted in an anti-trust action instituted by the United States involving conspiracy in restraint of trade.

I have heretofore carefully refrained from discussing the question as to whether or not defendants Krasnov have brought themselves within Rule 13(g) of the Federal Rules of Civil Procedure.

In my view of the case, they have not. Rule 13(g) reads as follows:

"A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." As amended Dec. 27, 1946, effective March 19, 1948.

Analyzing the pleadings to date, we have here a case wherein the Government has charged criminal acts on the part of all six of these defendants. Whether they have or have not committed these criminal acts in violation of Sections 1 and 2 of the Sherman Anti-Trust Act will of necessity have to be determined at the hearing of the case. Defendants Krasnov vigorously contend that the basis of the Government's charges is the above referred to 1938 agreement and that therefore their claim against Comfy, Katzner and Oppenheimer arises out of the transaction or occurrence that is the subject matter of the original action. The Rule provides that the cross-claim many include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant. If Krasnovs were guilty of law violation, the other defendants cannot possibly be liable to them for any part of the relief granted the Government. It is not the agreement itself, which is only an incident in the Government's case, but actions pursuant to the agreement, as well as many other factors which the Government may develop that will establish liability of these defendants for their illegal transactions. I fail to see, therefore, where the claim made by the Krasnovs arises out of the transaction or occurrence that is the subject matter of the complaint, to wit: criminal acts. Conse-

quently, I hold that the cross-claim is not within the provision of Rule 13(g) of the Federal Rules of Civil Procedure and for that reason as well should be stricken. In so deciding I am not in any way judging the merits of whatever dispute may exist between the parties defendant. If the Krasnovs have any complaints or claims for damages against Comfy, Katzner and Oppenheimer, these causes of action can be redressed in a proper suit and in a proper forum. In granting the motion to strike, the order will be without prejudice to the right of defendants Krasnov to assert their claims in a proper forum.