### YOUPE et al. v. STRASSER et al.
### Civ. No. 1492.

United States District Court
District of Columbia.

June 16, 1953.

Marvin J. Sonosky, Washington, D. C., for the motion.

J. R. Thompson, Jr., Washington, D. C., opposed.

HOLTZOFF, District Judge.

This is a motion to quash service of summons and complaint on a non-resident while the latter was in attendance as a witness before a committee of Congress. The ground of the motion is that such a witness is immune from service of civil process while in attendance as a witness and while traveling to and from the place where he was called upon to testify.

Admittedly, a witness who is a non-resident and who appears before a judicial tribunal has such an immunity. It was held, however, by the Supreme Court of the District of Columbia in 1874 in Wilder v. Welsh, 8 D.C. 566, 1 MacArthur 566, that the immunity does not extend to a witness in attendance before a Congressional committee. The opinion is a very short per curiam opinion and the only ground given for the decision is that the privilege of a witness before a Congressional committee stands on the same footing as the privilege of members of that body, and that this exemption does not extend to freedom from service of civil process.

This Court is unable to see the cogency of that reasoning. But, be that as it may, the Court of Appeals for the District of Columbia, in Engle v. Manchester, 46 App.D.C. 220, applied such an exemption to a witness appearing at a hearing before an administrative official. In other words, the immunity of a non-resident witness to service of process applies not only to witnesses before a judicial tribunal, but also to witnesses before bodies of the executive branch of the government. This being the case, no reason appears for not applying this immunity to witnesses appearing before the legislative branch of the government. As a matter of fact, there is good reason for applying the immunity to witnesses before any one of the three branches. The investigative power of Congress constitutes important implementation of its legislative and appropriating functions, and there is as good a reason for facilitating the application of this process by giving the above-mentioned exemption to witnesses before Congressional bodies as there is for granting it to witnesses before the judicial and executive branches of the government.

In view of these considerations, the Court holds that the immunity applies and, therefore, motion to quash service will be granted.