Joseph SHEERAN, Plaintiff,

v.

Angeline RAVELLA, Defendant.

Civ. A. No. 5105.

United States District Court
M. D. Pennsylvania.

Jan. 6, 1956.

Michael H. Sheridan, Wilkes-Barre, for plaintiff.

Ellis Berger, Scranton, Pa., David Berger, Leon H. Kline, Philadelphia, Pa., for defendant.

JOHN W. MURPHY, Chief Judge.

Defendant moves to quash the return of service of summons and for dismissal of the complaint, F.R.C.P. 12(b)(5), 28 U.S.C.A., on the ground that at the time and place she was, under the circumstances, immune from service of process in this action.

1. Fed.Rules Civ.Proc. rule 15(a), 28 U.S.C.A.

The problem arose in this fashion: While Joseph Sheeran and Angeline Sheeran were husband and wife residing in Wilkes-Barre in this district, funds earned by Joseph Sheeran were placed in a savings account and in two safe deposit boxes in Wilkes-Barre banks. Thereafter Angeline Sheeran was divorced from Joseph Sheeran, married one M. J. Ravella, and became a resident of New York City.

When agents of the Bureau of Internal Revenue sought to attach the funds in partial payment of income taxes assessed against Joseph Sheeran and against Joseph Sheeran and Angeline Sheeran, Angeline Ravella, through her counsel, filed a complaint seeking to quash the levies and to restrain the seizure and sale on the ground that the funds (with minor exceptions) had been given to her by Joseph Sheeran, that the tax obligation is solely that of Joseph Sheeran and that her property could not, without her consent, be applied in payment of obligations of her former husband.

When the matter was listed for hearing, Angeline Ravella, upon advice of counsel, left her home in New York City and came into the jurisdiction of this court for the sole and exclusive purpose of appearing as a witness in support of her claim, intending to remain in this district only so long as was necessary as a suitor and witness and to return to her home in New York City immediately thereafter.

Joseph Sheeran, upon motion of his counsel, was permitted to intervene in support of his claim that the property belonged to him and was properly subject to seizure and sale in payment of taxes covered by the assessments.

The hearing lasted two days, on each of which Mrs. Ravella appeared as a witness. During the course of her testimony Mrs. Ravella claimed all of the property in dispute as a gift from her husband and added that, apart and distinct from the sums now in controversy, an additional $17,026, which she received under similar circumstances, had been previously removed by her from one of the banks in question and used by her for her own purposes. Whereupon counsel for Joseph Sheeran prepared and filed a complaint charging his former wife with unlawfully converting his money to her own use.

After Mrs. Ravella and the government had completed their testimony and the case was held open at the request of Joseph Sheeran for the possible offer of additional testimony, a deputy United States Marshal, at the behest of counsel for Mr. Sheeran, served Mrs. Ravella with a copy of the summons and complaint in this action while she was leaving the United States Court House preparatory to departing for her home in New York City. She left for New York City shortly thereafter.

Defendant moved to quash claiming immunity from service of process in the present action, which she contends, notwithstanding the close relationship of the question of ownership of the funds, is a separate and independent action from the distraint proceeding. Defendant contends that the fact that either plaintiff or defendant may claim a jury trial would occasion a separate proceeding; that the burden as between the parties inter se may be different from that where the government is the moving party. We have before us only the pleadings, an affidavit and oral depositions of Angeline Ravella; no counter affidavit.

Stewart v. Ramsay, 1916, 242 U.S. 128, 129, 37 S.Ct. 44, 45, 61 L.Ed. 192, a case quite apposite on its facts, teaches that "The true rule, well founded in reason and sustained by the greater weight of authority, is that suitors, as well as witnesses, coming from another state or jurisdiction, are exempt from the service of civil process while in attendance upon court, and during a reasonable time in coming and going."

An earlier more restricted rule announced by Mr. Justice Washington in

Blight v. Fisher, C.C.N.J.1809, 3 Fed. Cas.No. 1,542, p. 704, Pet.C.C. 41, was overruled in Parker v. Hotchkiss, C.C. E.D.Pa.1849, 18 Fed.Cas.No. 10,739, p. 1137, 1 Wall Jr. 269. The rule was applied in The Page Co. v. Macdonald, 1923, 261 U.S. 446, 43 S.Ct. 416, 67 L.Ed. 737; see Long v. Ansell, 1934, 293 U.S. 76, at page 83, 55 S.Ct. 21, 79 L.Ed. 208; 42 Am.Jur., Process, § 139, p. 119 et seq., § 144; 72 C.J.S., Process, § 80, p. 1112 et seq.; United States v. Krasnov, D.C. E.D.Pa.1952, 109 F.Supp. 143, at page 147; Kollenborn v. Murphy, D.C.Tex. 1954, 118 F.Supp. 848; Youpe v. Strasser, D.C.D.C.1953, 113 F.Supp. 289; Durst v. Tautges, Wilder & McDonald, 7 Cir., 1930, 44 F.2d 507, at page 508, 71 A.L.R. 1394, as good public policy; Sherwin-Williams Co. v. American Chemical Paint Co., D.C.Del.1946, 67 F.Supp. 685, the tendency is to enlarge the scope of coverage; Peet v. Fowler, C.C.E.D.Pa. 1909, 170 F. 618, " * * * on the principle that, where the law requires any duty of the citizen, it will protect him in the discharge of that duty * * *"; Hollidge v. Crumpler, 1934, 63 App.D.C. 330, 72 F.2d 381; Mississippi Wood Preserving Co. v. Rothschild, 5 Cir.,1953, 201 F.2d 233, 234, 238; Hardie v. Bryson, D.C.E.D.Mo.1942, 44 F.Supp. 67, and see Partridge v. Powell, 1897, 180 Pa. 22, 36 A. 419; Crusco v. Strunk Steel Co., 1950, 365 Pa. 326, 328, 74 A.2d 142, 20 A.L.R. 2d 160; Cowperthwait v. Lamb, 1953, 373 Pa. 204, at page 206, 209, 95 A.2d 510.

■ "The policy of the immunity claimed, the reason for it, its scope and the limitations upon it are fully discussed in Lamb v. Schmitt, [1932] 285 U.S. 222, 52 S.Ct. 317, 318, 76 L.Ed. 720. The policy is to maintain court proceedings completely free from any interference with the progress of the cause pending, which might arise from the fact that witnesses and others whose presence is necessary to the administration of justice might be afraid to attend the court if they knew they ran the risk of being served with process in suits against them, away from their domicile. It is founded not upon the convenience of individuals but of the court itself.[1] If a case arises where the immunity, if allowed, 'might paralyze the arm of the court and defeat the ends of justice' then it will not be accorded to the claimant.[2] Obviously, every consideration of the policy is in favor of maintaining the immunity unless it involves something more serious than mere inconvenience to litigants. The fact that it may preclude a short cut to the final disposition of all controversies connected with the subject matter at issue is not sufficient." Chief Judge Kirkpatrick in International Plastic Harmonica Corp. v. Harmonic Reed Corp., D.C.E.D.Pa.1946, 69 F.Supp. 515, at page 516.

■ "The traditional immunity should not be withheld unless there are strong reasons for doing so", especially where each case can be determined independently on its own merits. Morse-Koob, Inc., v. Milner Export & Trading Co. Inc., D.C.W.D.Okl.1950, 93 F.Supp. 344, at

---

1. (Footnote added.) Cf. Morrow v. U. H. Dudley & Co., D.C.M.D.Pa.1906, 144 F. 441. The privilege is personal and it may be waived unless insisted upon promptly.

2. (Footnote added.) Lamb v. Schmitt, supra, 285 U.S. 222, 52 S.Ct. 317, was such a case. When it would "obstruct judicial administration in the very cause for the protection of which it is invoked", the immunity should be withheld. Id., 285 U.S. at page 228, 52 S. Ct. at page 319. There is no such case here. Whether or not there is such an obstruction depends "upon the nature of the proceeding in which the service is made and its relation to the principal suit * * *." Id., 285 U.S. at page 228, 52 S.Ct. at page 319, and see Morse-Koob, Inc., v. Milner Export & Trading Co., Inc., D.C.W.D.Okl.1950, 93 F.Supp. 344, at page 345.

page 346. See and cf. United Nations v. Adler, D.C.S.D.N.Y.1950, 90 F.Supp. 440 and cases cited.

Lamb v. Schmitt, supra, 285 U.S. at page 225, 52 S.Ct. at page 318, teaches that " * * * the privilege should not be enlarged beyond the reason upon which it is founded, and that it should be extended or withheld only as judicial necessities require." See Crusco v. Strunk Steel Co., supra, 365 Pa. at page 328, 74 A.2d 142; Long v. Ansell, supra, 293 U.S. at page 83, 55 S.Ct. 21.

Although there is authority contra, see cases cited 42 Am.Jur., Process, §§ 143, 144, p. 124 et seq., and the basis for the doctrine has been challenged and its application criticized, see "Immunity and Sentimentality", 32 Cornell Law Quarterly, pp. 471–489, we shall follow the traditional rule and allow immunity. In Shellito v. Grimshaw, 1951, 367 Pa. 599, 81 A.2d 544, relied upon by counsel for the plaintiff, the Supreme Court of Pennsylvania held that a party involved in an automobile accident, by coming into the jurisdiction, thereby submitted to the jurisdiction of the court in all actions which are a part of, or auxiliary thereto, as a cross claim or counter claim, or arising out of the general cause of action which is the basis of the claim. Here we have two distinct and separate causes of action. See and cf. our opinion in Brown v. Hughes, D.C., 136 F. Supp. 55, and cf. International Plastic Harmonica Corp. v. Harmonic Reed Corp., supra, 69 F.Supp. at page 516; Morse-Koob, Inc., v. Milner Export & Trading Co., Inc., supra, 93 F.Supp. 344.

We find nothing in the present situation calling for any of the limitations suggested in Lamb v. Schmitt, supra, 285 U.S. at pages 225, 226, 52 S.Ct. 317.

An order will be handed down this date quashing the return of the service of the summons and dismissing the complaint.