**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**NATIONAL STUDENT MARKETING CORPORATION et al., Defendants.**

**M.D.L. No. 105.**

**Civ. A. No. 225-72.**

United States District Court,
District of Columbia.

April 5, 1973.

See also, D.C., 360 F.Supp. 284.

Theodore Sonde, David H. Belkin, Mark Q. Connelly, Securities and Exchange Commission, Washington, D. C., Marshall, Bratter, Greene, Allison & Tucker, New York City, for John. G. Davies.

Leibman, Williams, Bennett, Baird & Minow, Washington, D. C., for National Student Marketing Corporation.

Zuckert, Scoutt & Rasenberger, Washington, D. C., for Cortes W. Randell.

Sharp & Bennett, Washington, D. C., for Benard J. Kurek.

Katz, Barry & Nicol, New York City, for Robert A. Katz.

## MEMORANDUM OPINION AND ORDER

PARKER, District Judge.

The Securities and Exchange Commission ("Commission") has filed a complaint in this civil action charging twenty defendants with violations of the antifraud provisions of the Securities Act of 1933 and of the antifraud, proxy and reporting provisions of the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder,[1] seeking to enjoin the defendants from committing future violations of these provisions. Defendants Robert A. Katz ("Katz"), Bernard J. Kurek ("Kurek") and Cortes W. Randell ("Randell") have asserted cross-claims against a number of their co-defendants, and the Commission and defendants John G. Davies ("Davies") and National Student Marketing Corporation ("NSMC")[2] have

[1]. § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a); §§ 10(b), 13(a) and 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78m(a) and 78n(a).

[2]. A Judgment of Permanent Injunction was entered against NSMC on July 27, 1972.

moved to dismiss these cross-claims. For the reasons which follow, these motions are granted.

The charge against cross-claimant Katz is based on his issuance of allegedly false and misleading legal opinions in connection with the sale by NSMC of a subsidiary to Katz's clients. Katz contends that if he is enjoined it will be the result of improper acts by Davies and NSMC, including their breach of warranties and representations concerning the legality of the transaction, and their improper use of his legal opinions. Cross-claimant Kurek's asserted liability for NSMC's allegedly false and misleading financial statements stems from his position as NSMC's chief financial officer. Kurek claims that Randell controlled the financial affairs of NSMC and that if he is enjoined it will be the result of Randell's conduct. Katz and Kurek assert claims for attorney's fees, and in the event they are enjoined, for damage to their reputations. Cross-claimant Randell seeks indemnity under the state corporation laws for his expenses in defending this action.

The cross-claims in this case are brought under Rule 13(g) of the Federal Rules of Civil Procedure which provides:

> A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter . . . of the original action . . . . Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

■ In a Commission enforcement action cross-claims by co-defendants will be critically and narrowly read to deter-mine whether they arise out of the transaction or occurrence which is the subject matter of the original action. Where suit is brought by the government to enforce the law, public policy militates against the pendency of private claims and the concomitant delay, confusion and complexity they introduce. Securities and Exchange Commission v. Everest Management Corp., 475 F.2d 1236 (2d Cir., 1972); United States v. Krasnov, 109 F.Supp. 143, 148–149 (E.D.Pa.1952); United States v. American Society of Composers, Authors and Publishers, 11 F.R.D. 511, 513 (S.D.N.Y.1951).

■ Whatever the legal rights of the cross-claimants which may exist for recovery against co-defendants, they do not arise out of the transactions or occurrences which are the subject matter of the Commission's complaint. The suit by the Commission is based on conduct of the defendants which allegedly violated the Securities Laws. The cross-claimants do not restrict the liability of any co-defendant to acts which the Commission claims were in violation of the Securities Laws. Instead they rely apparently on contract, tort and corporate law theories of recovery. Although there may be some facts common to the original action and the cross-claims, the theories of the liability and the proof of the cross-claims appear to go substantially outside the claims of the Commission.[3] Moreover, the claim for damages requested by the cross-claimants is not the type of relief which is appropriate to a cross-claim. No defendant can be liable to the cross-claimants "for all or part of a claim asserted in the action against [them]." If Katz and Kurek are enjoined, it will result from their own unlawful conduct and no other defendant can be liable to them for the injunctive relief granted the Commission. United States v. Krasnov, *supra*.

---

3. In Fireman's Fund Insurance Co. v. Trobaugh, 52 F.R.D. 31 (1971) it was held that a cross-claim arises out of the transaction or occurrence that is the subject matter of the original action if, and only if, the issues of fact necessary to determine the legal questions in both the original complaint and the cross-claim are identical. 52 F.R.D. at 32.

In view of the dissimilarity to the original action of the issues raised by the cross-claims and the consequent burden which their litigation would entail, the cross-claims are not considered to fall within the purview of Rule 13(g) and will be dismissed.[4]

Accordingly, it is, this 5th day of April, 1973,

Ordered that the motions of the Commission, Davies and NSMC to dismiss the cross-claims be and hereby are granted; and it is

Further ordered that the cross-claims of Katz, Kurek and Randell be and hereby are dismissed.

4. Because of the dismissal of Kurek's cross-claim, the motion of Randell for a more definite statement of Kurek's cross-claim and the motions of Kurek to withdraw his consent to the dismissal of his cross-claim against Randell and to amend his cross-claim, are now moot.