**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**GENERAL HOST CORPORATION et al., Defendants.**

No. 73 Civ. 275.

United States District Court, S. D. New York.

Aug. 17, 1973.

William D. Moran, Regional Administrator, Securities and Exchange Comm., New York City, for plaintiff; Richard L. Jaeger, Asst. Chief Trial Atty., Arne R. Rode, Richard B. Steinkamp, Attys., Washington, D. C., of counsel.

Paul C. Warnke, Clifford, Warnke, Glass, McIlwain & Finney, Washington, D. C., George Rowe, Jr., Fulton, Walter & Duncombe, New York City, for defendant Lazar.

Pomerantz, Levy, Haudek & Block, New York City, for defendant Klein.

OPINION

EDWARD WEINFELD, District Judge.

Plaintiff commenced this action against General Host Corporation and nine other defendants, including Seymour M. Lazar, charging them with various violations of the anti-fraud, anti-

manipulative, proxy and reporting provisions of the Securities Exchange Act of 1934, in connection with an unsuccessful attempt by General Host to acquire control of Armour Corporation. Additionally, some but not all defendants are charged with violations of the Securities Act of 1933 and the Investment Company Act of 1940. The relief sought by the plaintiff-Commission is an order enjoining all defendants from further acts and practices in violation of various provisions of the Securities Act, the Securities Exchange Act and the Investment Company Act, and requiring certain of the defendants including Lazar to make or cause to be made amended filings with the SEC, and such further relief as the court may deem appropriate.

The amended complaint sets forth twenty-five separate causes of action detailing various acts and conduct of the defendants named therein upon which the respective causes of action are based. The defendant Lazar is charged with violations of Sections 9(a)(2), 10(b), 13(d) and 16(a) of the Securities Exchange Act of 1934 and Rules 10b–5, 13d–1 and 16a–1 thereunder in connection with the purchase and sale of shares of General Host and of Armour in or about February, 1969, as more specifically alleged in paragraphs 14, 15(c), 24(e), 25(c), 25(d), 25(h), 27(b), 28(b), 28(d), 28(e), 29, 54, 70–79 and 97–100 of the amended complaint. Lazar in answering the amended pleading, admits certain transactions in the purchase and sale of Armour stock and their tender to General Host as alleged, but denies those portions of the allegations that charge him with illegal conduct and activities, or his participation or involvement in alleged illegal conduct or activities of the other defendants—in sum, he denies the material allegations of the complaint insofar as they charge

him with illegal conduct or violations of the SEC Acts. Affirmative defenses of statute of limitations, laches and estoppel are also pleaded by him.

Additionally, Lazar asserts a cross-claim against General Host and five other co-defendants charging them with violations of federal law set forth in the first seven causes of action of the Commission's amended complaint and alleging that as a result of those violations he was

"induced to purchase a substantial quantity of shares of Armour stock at market prices which were artificially raised and maintained and to tender these shares to General Host in exchange for General Host debentures and warrants, the market price of which was also artificially raised and maintained."

He further alleges that as a result of those defendants' misrepresentation of material facts and failure to disclose other material facts, he was led to believe that General Host would need to acquire only a simple majority of the outstanding shares of Armour in order to successfully complete its exchange offer. By reason of all the foregoing he seeks damages in the sum of $10 million against the other co-defendants.

The SEC now moves to dismiss the cross-complaint primarily on the ground that a private cross-claim cannot properly be asserted in an enforcement action brought by the plaintiff-Commission.[1] However much this may be a desirable policy in view of the entirely different objectives of a Commission action and a private action, there is no specific statutory provision or relief which so provides. This court's view as to the distinctive nature of the Commission's action was stated recently as follows:

"As a matter of general policy, it is undesirable that SEC actions for in-

---

1. The Commission further bases its motion on the ground that the cross-claim fails to state a claim upon which relief can be granted. Eugene B. Klein, one of the de-fendants against whom the cross-claim is asserted, also moves to dismiss upon the same grounds asserted by the SEC.

junctive relief, whose sole purpose is the expeditious safeguarding of the public interest, be subjected to the delays that are inherent in private litigations, with their different concerns, even where those private actions parallel the SEC complaints. In many cases, the Commission's use of its subpoena power has substantially developed the essential facts required to support its application to the courts for equitable relief; therefore, the need for further discovery is minimal and vastly different from those who allege private injury and seek money damages. To lump the SEC action with the private lawsuit would result in a slowdown in its effort to protect the public; it would defeat rather than 'promote the just and efficient conduct' of the SEC litigation." [2]

Based on that concept, the underlying rationale of which is the protection of the public interest, it follows that unless the applicable rule governing cross-claims mandates the retention of the cross-claim here asserted by the defendant, it should be dismissed to avoid interference with the vigorous and prompt prosecution of the Commission's claim against the defendants including Lazar.

Rule 13(g) of the Federal Rules of Civil Procedure governing cross-claims against a co-party, provides:

"A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

It is true that Lazar, the cross-claimant, by incorporating the first seven causes of action, parallels the charges made by plaintiff against his co-defendants as well as against him, and to this extent it may be acknowledged that plaintiff's charges and the cross-claimant's charges will present, in some measure, common issues of fact and law. But there the similarity of their positions ends. The relief sought by each is different; plaintiff seeks injunctive relief whereas the cross-claimant seeks money damages. The proof necessary to sustain injunctive relief differs from that required to establish money damages, particularly since plaintiff seeks an injunction against continued and further violations of alleged illegal conduct on the part of the cross-claimant as well as his co-defendants. The proof necessary to sustain plaintiff's charges goes beyond the fraud allegedly perpetrated upon the cross-claimant by his co-defendants; it would require evidence not only of such conduct but could also include proof of illegal acts allegedly perpetrated by the cross-claimant and his co-defendants against public investors. Thus, it could establish its claim for injunctive relief by proof of acts and conduct by all the defendants allegedly directed towards third parties.

Additionally, the claim of Lazar that other defendants misrepresented *to him* material facts or failed to disclose other material facts by which he was led to make his purchases, sales and tender of stock, may play no part in the proof relied upon by the SEC in seeking injunctive relief. The Commission most likely will rely upon alleged misrepresentations perpetrated upon the public investors by all the defendants, including Lazar. Moreover, it is evident that, as between Lazar and his co-defendants, various defenses may be asserted against Lazar's claim which would be of no significance insofar as the Commission's charges of

---

**2.** In re Nat'l Student Marketing Litigation, 368 F.Supp. 1311 (Jud.Pan.Mult.Lit., 1973) (dissenting opinion).

illegal acts and misconduct against all the defendants are concerned. In sum, while to a degree there may be some facts common to the plaintiff's causes of action against all defendants and those asserted by Lazar against co-defendants, the essential theories of liability and the proof necessary to sustain the claims of each claimant, that is plaintiff and cross-claimant, differ. Under these circumstances, it does not follow that the cross-claim necessarily arises "out of the transaction or occurrence that is the subject matter of the original action."

To allow the maintenance of the cross-claim would tend to interfere with plaintiff's duty diligently and expeditiously to enforce the law in the protection of the public interest. Some years ago in a somewhat similar situation when a private litigant sought to intervene in a Government action, this court said:

> "Sound public policy dictates that where Government is the complainant in a suit its conduct and control of litigation be free from interference by private citizens. The protection of the public interest rests upon those officials whose special responsibility and duty it is to enforce the laws. To permit intervention by private citizens, whose purpose in the main is self interest, in proceedings instituted by the Government is more likely to hinder rather than help in the enforcement of laws."[3]

That doctrine applies to the instant situation. In sum, public policy militates against the assertions of private claims in Government suits since the delay and diversion from the main effort to enforce the laws would be contrary to the public interest.[4]

The motion to dismiss the cross-claim is granted without prejudice to cross-claimant's right to assert his claim in any independent action. This disposition makes it unnecessary to consider plaintiff's additional ground for dismissal that the cross-claim fails to state a claim upon which relief can be granted.

3. United States v. American Soc. of Composers, Authors & Publishers, 11 F.R.D. 511, 513 (S.D.N.Y.1951).

4. SEC v. National Student Marketing Corp., 59 F.R.D. 305 (D.C.Cir.1973).