# Wittmer's Estate.

*Trusts and trustees—Principal and income—Stock dividends—Apportionment—Corporations.*

1. Extraordinary stock dividends, declared and paid on stock held in trust,—whether they be of cash, scrip or stock,—if they exceed the profits earned after the beginning of the trust, must be apportioned by giving to the corpus sufficient to keep intact the value of the shares, as they were at the time the trust began, and by giving the rest of the dividend to those entitled to the income of the estate.


Argued March 25, 1925. Appeals, Nos. 72 and 73, March T., 1925, by Henry Wittmer et al., trustees, from decrees of O. C. Allegheny Co., April T., 1924, No. 304, and June T., 1924, No. 566, dismissing exceptions to adjudication in estate of Xavier Wittmer, deceased. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication. Before MILLER, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Henry Wittmer et al., trustees under will of Xavier Wittmer, deceased, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Walter Lyon,* with him *Stanley Lyon* and *Herbert R. Hahn,* for appellants, cited: Gibbons v. Mahon, 136 U. S. 549; Waterman's Est., 279 Pa. 491; Stoke's Est., 240 Pa. 277; Sloan's Est., 258 Pa. 368; Eisner v. Macomber, 252 U. S. 189; Towne v. Eisner, 245 U. S. 418; Earp's App., 28 Pa. 368.

*R. B. Ivory,* for appellees, cited: Waterman's Est., 279 Pa. 491.

OPINION BY MR. JUSTICE SIMPSON, April 13, 1925:

. By testator's will he directed that a large number of his shares of stock of the American Natural Gas Company, should be held in trust for a period of five years, the accruing income to be paid to certain distributees, among whom are the appellees in this case. At the date of his death, the company had a large surplus over and above the par value of its shares; subsequently, and prior to January 31, 1923, it was still further increased. On the last-named date, the company declared an extraordinary stock dividend of two hundred per cent, the payment of which reduced its surplus below the amount existing at the time of testator's death. Appellees elected to take, in kind, and the court below awarded to them, so much of this stock as represented income which had accrued between the dates stated. The trustees, who appealed, do not challenge the quantity awarded, if appellees are entitled to have any of the stock; but claim that the entire dividend should have been allotted to principal. We do not agree with this contention. In a long line of cases, beginning with Earp's Appeal, 28 Pa. 368, and running to Flaccus' Estate, 283 Pa. 185, we have consistently held that extraordinary dividends, whether of cash, scrip or stock, if they exceed the profits earned after the beginning of a trust, must be apportioned by giving to the corpus sufficient to keep intact the value of the shares as they were at the time the trust began, and the balance to those entitled to the income of the estate. The decree below was in accord with this rule.

Without directly asking us so to do, appellants seek to have us overrule all our own cases,—which are based on just and equitable principles, and accord with what is known as the Pennsylvania rule on this subject (now suggested as the American rule, because so many other courts of last resort have adopted it: 2 Cook on Corporations, 8th edition, sections 553, 554),—and to substitute therefor the antagonistic technical conclusions

of a few other jurisdictions. Reason and authority alike dissuade us from so doing, and our judgment accords with their teaching.

The decree of the court below is affirmed and the appeals are dismissed; the costs to be paid by testator's estate.