# Harkness's Estate.

*Decedents' estates — Shares of stock — Dividends—Domicile—Corporation.*

1. For purposes of distribution of the estate of a decedent, shares of stock owned by him will be considered as located at his place of domicile.

2. Where extraordinary dividends, whether of cash, scrip or stock, are declared and paid on shares of corporate stock left by a decedent in trust, they are to be distributed by giving to the corpus sufficient to keep intact the value of the shares as they were at the time the trust began, and by giving the rest of the dividend to those entitled to the income of the estate.

*Conflict of laws—Decisions of the Supreme Court of United States—When binding on state courts—Decedents' estates—Power of states—Federal Constitution, 14th amendment.*

3. A principle approved by the Supreme Court of the United States, while entitled to great consideration, is not a binding authority on the courts of a state, unless it is a construction of the Constitution of the United States, or the laws made in pursuance thereof, or of a treaty made under the authority of the United States.

4. Each state has the absolute power of regulating the devolution of a decedent's property situate within the state.

5. The 14th Amendment to the Constitution of the United States does not affect this power, so long as the state law operates alike, under the same circumstances, on all affected by it.

Argued April 23, 1925.   Appeal, No. 301, Jan. T., 1925, by Meredith Hanna, Guardian of estate of Norris W. H. Haupt, a minor, from decree of O..C. Phila. Co., Oct. T., 1911, No. 335, dismissing exceptions to adjudication, in estate of Norris W. Harkness, deceased.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Exceptions to adjudication of HENDERSON, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by VAN DUSEN, J. Meredith Hanna, guardian of Norris W. H. Haupt, a minor, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*George J. Edwards, Jr.,* for appellant.—The Supreme Court of the United States, in interpreting the Constitution and legislation thereunder, having made its finding of fact and law that stock dividends are principal and not income, a state court is bound thereby under article VI, and the Fourteenth Amendment in making distribution of such dividends between life tenant and remaindermen: Towne v. Eisner, 245 U. S. 418; Gibbons v. Mahon, 136 U. S. 549; Flint v. Stone Tracy Co., 220 U. S. 107; Straton's Independence v. Howbert, 231 U. S. 399; Walsh v. Brewster, 255 U. S. 536; Collector v. Hubbard, 12 Wallace 1.

A question repeatedly decided in the Supreme Court is settled beyond further discussion: Wright v. Sill, 2 Black 544, 545; McCullough v. Virginia, 172 U. S. 102, 108; Wilson v. Shaw, 204 U. S. 24; United States v. Ins. Co., 265 U. S. 472; Merchant L. & T. Co. v. Smietanka, 255 U. S. 509; Dodge v. Woolsey, 18 How. 347; National Bank v. Dearing, 91 U. S. 29, 35; Shreveport v. Cole, 129 U. S. 36, 43; Davis v. Burke, 179 U. S. 399, 402; Mauenstein v. Lynham, 100 U. S. 483.

*Robert W. Skinner, Jr.,* and *William P. Davis, Jr.,* for appellee, were not heard.

OPINION BY MR. JUSTICE SIMPSON, May 11, 1925:

When testator died, he was a resident of Pennsylvania, and the owner of certain shares of corporate stock, which, for purposes of distribution, were also located there: mobilia sequuntur personam. By his will, probated in the same Commonwealth, he gave his residuary estate, of which these stocks formed a part, in trust for his wife for life, with remainder to his children, appellees here, for life, and with an absolute estate in final remainder to his grandchildren, the guardian of one of whom is appellant. Testator's wife predeceased him.

After his death, certain extraordinary stock dividends were declared on these shares, and they were distributed by the court below, by "giving to the corpus sufficient to keep intact the value of the shares, as they were at the time the trust began, and by giving the rest of the dividend to those entitled to the income of the estate." This was in accordance with our constantly repeated decisions, from Earp's App., 28 Pa. 368, to Wittmer's Est., 283 Pa. 311, which establish a rule approved and followed in nearly all the states of the union: 2 Cook on Corporation (8th ed.), sec. 553, 554; 252 U. S. 235-6. The proportion, which was thus awarded to appellees, represented corporate earnings which accrued after testator's death, though the dividends were declared in the form of stock, instead of cash. Appellant expressly admits this distribution was correct, unless article VI of the Constitution of the United States, and the 14th Amendment thereto, require the courts of every state to adjudge, under all circumstances, that a stock dividend is capital, because the Supreme Court of the United States has so said in the cases hereinafter referred to. The decisions of that eminent tribunal are entitled to the greatest consideration; but since, so far as concerns the present question, no construction of the

"Constitution, and the laws of the United States which shall be made in pursuance thereof, and all treaties made ......under the authority of the United States," entered into the determination of those cases, we are at liberty, under the facts above set forth, to follow the rules of property long established in our own State; and, in principle, that court has frequently so decided.

In Mager v. Grima, 8 Howard 490, 493, it is said that an inheritance tax is necessarily valid, since it "is nothing more than an exercise of the power which every state and sovereignty possesses, of regulating the manner and terms upon which property, real or personal, within its dominion may be transmitted by last will and testament, or by inheritance; and of prescribing who shall and who shall not be capable of taking it." It is not necessary to detail the numerous cases where this has been quoted, or cited, and followed; but it may not be out of place to refer to three of them. In Magoun v. Illinois Trust and Saving Bank, 170 U. S. 283, 288, it is said that "the right to take property by devise or descent is the creature of the law, and not a natural right—a privilege, and therefore, the authority which confers it may impose conditions on it"; and again (page 300) "the rule of equality of the 14th Amendment......only requires that the law imposing it shall operate on all alike under the same circumstances." Not on all alike everywhere, as appellant argues, but on all alike within the jurisdiction of the state whose law is being enforced. Because of the principle specified, the distribution of a decedent's property by the courts of a state having jurisdiction of it, is final and conclusive (Nickel v. Cole, 256 U. S. 222), and so universal is this rule that it has been held to justify the imposition of a state inheritance tax upon an express gift of United States bonds, though it was stated in the law under which they were issued, and the bonds themselves recited, that they should be exempt from taxation in any form by or under state authority: Plummer v. Coler, 178 U. S. 115.

It is not necessary to consider at length the three cases relied on by appellant. Gibbons v. Mahon, 136 U. S. 549, arose in the District of Columbia, which is governed solely by federal law; it decided the point in controversy antagonistically to the public policy of this State, as above expressed. Towne v. Eisner, 245 U. S. 418, and Eisner v. Macomber, 252 U. S. 189, simply hold that, despite the 16th Amendment to the Constitution of the United States, the several Income Tax Acts of Congress, there being considered, could not be charged on stock dividends, because to do so would violate article I, section 9, which requires that "No......direct tax [which those under consideration were held to be] shall be laid, unless in proportion to the census or enumeration hereinbefore directed to be taken." The point actually decided in the first of these authorities, of course applies wherever the Federal Government has exclusive jurisdiction, while that specified in the last two controls everywhere; but none of the cases are conclusive here.

The decree of the court below is affirmed and the appeal is dismissed at the costs of appellant.