## Harvey Appeal

*Harold Winston Spencer*, for appellant.
*Paul P. Wisler*, for Commonwealth.

CORSON, J., February 23, 1955.—By order of the court, November 5, 1954, the privilege to inspect motor vehicles as an official inspection station was restored

to Sophia L. Harvey. Such order was entered by this court pursuant to an appeal by Sophia L. Harvey from the action of the secretary suspending her inspection privileges for six months.

From the testimony taken, it would appear that appellant's suspension was improper and never should have been ordered. However, the Commonwealth's exception does not raise the problem as to whether the court's reinstatement was justified by the testimony. The exception raises a much more fundamental and important question, namely, whether this court had jurisdiction to hear any appeal in this matter.

The position of counsel for the Commonwealth is based on the total absence of any provision for appeal in section 823 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §431. That section deals with inspections and its subsection (*f*) provides:

"*If the secretary finds that the provisions of this act, or the directions of the secretary, are not being complied with,* or that the business of such stations in connection with such inspections is being improperly conducted, *he may suspend the designation* of any such stations." (Italics supplied.)

None of the other subsections of 823 make any provisions for appealing a suspension and, therefore, it is contended that from a suspension order pursuant to 823 (*f*), there is no appeal.

On the other hand, it must be noted that section 813 of the code, which authorizes the secretary to designate official inspection stations and makes other provisions concerning their general operation, also empowers the secretary to suspend the privilege. Subsection (*b*) of 813 specifically provides for an appeal from such a suspension:

"(b) *If the secretary finds that the provisions of this act are not being complied with, or that the business of an official inspection station in connection with*

*the corrections, adjustments, repairs, or inspection of motor vehicles* . . . is being improperly conducted, he *shall suspend the certificate of appointment of any such station.* . . . Any person whose certificate or appointment is suspended under the provisions of this subsection may, within thirty (30) days from the date thereof, appeal to the court of common pleas of the county wherein such official inspection station is located, and such court is hereby vested with jurisdiction. . . ." (Italics supplied.)

Counsel for the Commonwealth argues that the suspension proceedings under consideration were instituted and carried out under 823, and that the suspension order was based specifically on that section. Therefore, it is concluded, this court had no jurisdiction to hear appellant's petition nor to vacate the suspension, for no right of appeal is set forth under section 823.

With this contention we cannot agree. While it is true that a literal and telescopic approach to the section involved produces such a result, nevertheless, a broader reading of section 823, together with its companion provision (813), and in the light of established constitutional principles leads to another interpretation.

An examination of sections 813(*b*) and 823(*f*) reveals that both authorize the secretary to suspend the authorization if he finds that "the provisions of this act are not being complied with". Thus the two sections are basically the same in form and content although each does contain language not found in the other. Are these form variations such that the secretary's power to suspend is broader or of a different nature and scope under one section than under the other?

Section 813(*b*) provides that the secretary "shall" suspend if he finds violations of the provisions of the act, whereas section 823(*f*) reads "he may suspend . . .". Section 823 *(f)* also contains a phrase not found

in 813 authorizing the secretary to suspend if he finds that the provisions of the act "or the directions of the secretary" are being violated.

Do these variations add anything to the power to suspend set forth originally in section 813? We think not. If the provisions of the act, any of the provisions of the act, are violated, section 813 directs suspension. It further enumerates some of the circumstances under which the secretary shall suspend by providing for suspension if "the business of an official inspection station in connection with the corrections, adjustments, repairs, or inspection . . . is being improperly conducted . . ."

Thus, by specific as well as general language, the secretary is authorized (by 813) to suspend for violations of 823, for it is the latter section which directs inspection, establishes periods, requires corrections, adjustments and repairs and authorizes the secretary to supervise inspection.

But what was the intention and consequence of stating "shall suspend" in the first section and "may suspend" in the second? Having concluded that the authority to suspend is as broad under one section as under the other, reading "may" and "shall" literally would produce the following result: if the secretary finds a violation under section 813, then he must suspend, whereas section 823 ($f$) provides that under the same facts he has discretion to suspend. Thus, in the first instance the legislature, in effect, makes the suspension compulsory once the violation is established by the secretary. But in the second situation after the secretary establishes the violation, he must also determine whether or not to suspend, apparently in accordance with his good judgment, common sense or prejudice. Assuming that the legislature intended suspension to be mandatory under the former section but discretionary under the latter, certainly it would have

provided for the right to appeal from the discretionary action:

"(The court) can and must, however, decide, on proper evidence, whether discretion has been abused. Unless it has this power, administrative discretion may become administrative tyranny": Hotchkiss Liquor License Case, 169 Pa. Superior Ct. 506, 512 (1951).

It is contended, however, by counsel for the Commonwealth, that appellant does have the right to appeal, not to the common pleas of his or her county, but in accordance with the provisions of the Administrative Agency Law. Because no right of appeal is provided in section 823 of The Vehicle Code, it is argued that the general procedure for appealing from actions of administrative officers is applicable. Yet, the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS §1710.1, enumerates, in section 51, the agencies to which the act is applicable. The Department of Revenue, Bureau of Motor Vehicles, is not among the 47 agencies listed, nor does any section of The Vehicle Code provide for application of the administrative law machinery to actions of the secretary under the code. Even assuming that the procedure of the Administrative Agency Law were applicable, we would be presented with the very nice question as to whether or not the legislature can create the anomalous situation whereby the secretary determines the court to which an appeal is permissible. By exercising his suspensory authority under 813(b) he would permit the one whose license was suspended to appeal to the common pleas court of his own county, but if the secretary should act under 823(f), he would compel the party to take his appeal to Dauphin County Common Pleas Court to review the suspension and seek reinstatement. However, having determined that the law is not applicable, we are not faced with such ques-

tion. But we must decide whether or not appellant could properly bring his appeal to this court.

By a supplemental brief, attention is called to the recent case of Commonwealth v. Moore, 89 D. & C. 478 (1954), to support the proposition that the legislature need not provide for any right of appeal in certain instances. However, neither the holding nor the language of that case are particularly helpful in the matter before us. There the court was concerned with the suspension of an operator's license pursuant to the mandates of the Motor Vehicle Safety Responsibility Act. That act provides that the secretary shall suspend the license upon receipt of a certified copy of an unsatisfied judgment against the licensee arising out of a claim against said party for damages sustained in a motor vehicle accident. Such suspension is a purely routine administrative function involving no finding of fact, and no exercise of discretion. The legislature has decreed that anyone who fails to meet his financial responsibility arising out of the operation and/or ownership of a motor vehicle shall lose all operating privileges until the judgment is satisfied. Therefore, on receipt of a certified copy of a judgment against such party, the secretary must act. In effect it is a legislative act of a purely ministerial nature, based upon court action and records arising therefrom. Nothing could be gained by an appeal were it permitted, since it would involve a collateral attack upon the judgment.

In this matter, under 823 ($f$), the legislature has delegated a fact-finding power to the secretary and also discretionary power to act upon his determination. There is no certified copy of a court action to indicate when he should act and that he must act. Instead, he may act upon facts which he must first find. Where is the safeguard against arbitrary, abusive or discretionary action, or against "administrative tyranny"?

While it is true that there may be instances where the legislature may deny any appeal, certainly this is not such an instance. Section 813 provides for an appeal, as do various other sections in the code authorizing suspension of operating privileges. In dealing with a case involving an operator's license suspension and appeal therefrom, the Supreme Court stated:

"It is our conclusion that the hearing de novo in the court below protected defendant against any arbitrary exercise of power on the part of the Secretary": Commonwealth v. Cronin, 336 Pa. 469, 474 (1939).

Again, we ask, where is that protection in this instance if appellant may not appeal?

In addition to the denial of an appeal from an abuse of discretion under section 823 (f), inspection station owners would be faced with this situation: the secretary could grant the right to appeal to one party by suspending his privilege under section 813 (b), while denying any appeal to another by merely acting under 823 (f).

This court does not believe that the legislature could have intended such a result. Indeed, we do not believe that the section so interpreted would withstand a challenge on constitutional grounds. While the question of constitutionality is not before us and need not be decided, nevertheless, in construing a statute, it is incumbent upon the court to adopt a constitutional interpretation, if possible. The Act of May 27, 1937, P. L. 1019, 46 PS §552, creates a presumption against unconstitutional and/or unreasonable results. Certainly the result urged by the Commonwealth is unreasonable, and we suggest that it might well produce an unconstitutional result.

As we have stated and quoted above, without any right of appeal under 823 (f), there is no safeguard against an arbitrary exercise of power on the part of the secretary. While it may be true that the privilege

to inspect should be treated the same as the privilege to operate, yet, with the one exception dealt with in the Commonwealth v. Moore case, supra, from every suspension of operating privileges, there is a right of appeal. In dealing with a driver's license suspension in Commonwealth v. Funk, 323 Pa. 390 (1936), the court concluded that because this license was a privilege, due process principles were not applicable. But the court was careful to note that even if such principles were applicable, due process, nevertheless, had been fully provided for and protected by the right of appeal. Should the problem here at issue come before the same court, it might well distinguish the Funk case, narrow its application or redefine its principles. For example, the Supreme Court was faced with a somewhat different problem concerning operator's license suspension proceedings in Cowperthwait, Admr., v. Lamb, 373 Pa. 204 (1953). In that case Justice Chidsey wrote:

"The power to suspend is vested in the Secretary of Revenue as an administrative officer and suspension is an administrative act. But the proceedings prescribed by the Code for the determination whether or not the power of suspension should be exercised are clearly judicial in nature. A distinction must be made between the origin of the power *and the incidents to its proper exercise.* This is recognized in Commonwealth v. Funk, 323 Pa. 390, 186 A. 65. . . ." (Italics supplied.)

Should not the Constitution safeguard its people from the injurious, arbitrary and improper exercise of an administrative power even though only a so-called privilege of the people was involved? The Supreme Court has indicated that this question calls for an affirmative answer in the case of Hertz Drivurself Stations, Inc., v. Siggins et al., 359 Pa. 25, 46 (1948).

But even if some doubt remains as to the basis for questioning section 823(*f*) on due process grounds, we have no doubt as to its inherent vulnerability to another constitutional attack. The fourteenth amendment guarantees each citizen the equal protection of the laws of every State. Where is the safeguard against unconstitutional discrimination under a system whereby the secretary may suspend one man's privilege under section 813 thus giving him the right to appeal and suspend another's privilege under 823, thereby denying him the right? Equal protection of the law requires that "all persons similarly circumstanced shall be treated alike": Hartford Steam Boiler Inspection & Insurance Co., et al. v. Harrison, Insurance Commissioner, 301 U. S. 459 (1937), reiterated most recently in Salsburg v. Maryland, 346 U. S. 545 (1954), also Harkness' Estate, 283 Pa. 464 (1925), and Christy Case, 362 Pa. 347 (1949). If the secretary may suspend inspection privileges of different parties for the same violation under either section, he has the inherent power to deny equal protection of the law. As we noted above, we are not deciding the question of constitutionality, but such a question must be our guide in determining the proper or reasonable interpretation to be given a statute.

What construction, then, should be given to section 823(*f*)? Since 823(*f*) follows 813(*b*) and practically repeats and restates the grant of authority given the secretary in 813(*b*), it is reasonable to construe and read the two sections together. In this way, by the more comprehensive provisions of the original grant of suspensory power, a party has the same right to appeal under section 823(*f*) as he does under section 813. Such a construction avoids the pitfalls of constitutional invalidity and safeguards against the dangers of "administrative tyranny." Such a construction is

consonant with the principles of the legislative construction act noted above. Such a construction is also in accord with the other provisions of The Vehicle Code, especially those dealing with suspension of operating privileges.

Therefore, in accordance with the foregoing discussion, it is our conclusion that the exceptions of the Commonwealth must be overruled. This court does have jurisdiction to hear an appeal from a suspension of inspection privileges even though that suspension was specifically ordered pursuant to the authority of section 823 alone. It is our view that it does not matter upon which section the secretary relies.

And now, February 23, 1955, it is ordered, adjudged and decreed that the exceptions of the Commonwealth be, and hereby are, overruled and the order of the court, of November 5, 1954, is affirmed.