### CHRISTOPHER HAYES *against* THOMAS SHIELDS.

A suitor is privileged from being arrested or served with a summons, while attending
his cause *eundo* and *redeundo*: and the court will not nicely scan his time of return.

A DAY had intervened after the delivery of the verdict in the cause
preceding, when the lessor of the plaintiff was served with a summons,
in a plea of trespass on the case, issued out of the Court of Common
Pleas of Westmoreland county.

Mr. Ross moved, that the defendant should be discharged from the
action, on the ground of privilege, which he claimed as one of the sui-
tors of this court.   He had been engaged since the trial, in settling the
costs of the former suit.

Mr. Young for the plaintiff, attempted to distinguish the service of
a summons from an arrest by *capias*.   In the latter, the defendant
would be restrained of his liberty, and be compelled to find bail.   Be-
sides the defendant had lingered unreasonably in his journey.

*Per cur.*   It has frequently been resolved, that courts in cases of
this nature, will not nicely scan the time of the return of parties, wit-
nesses, &c.  2 Stra. 986, 987, 990, 1094.  1 Barnes. 278. 2 Bl. Sep.
1113.   Gilb. Cas. C. R. 308.   It is fair to presume, that the adjust-
ment of the expenses of the action just tried, would detain him at least
one day.   His exemption from process is the privilege of the court.  2
Bl. Rep. 1193. Annal. 41.   Dall. 357.  The distinction between writs
of summons and *capais*, is not solid, as it respects the present ques-
tion, and was overruled in the case of the member of convention im-
pleaded in Philadelphia. (Bolton v. Martin.) Dall. 296.   The party's
attention to his own business in the suit depending, is distracted by
other objects, and he is subjected to the inconvenience of attending an
action at a considerable distance from his own place of abode, con-
trary to the wise indulgence of the law. Vide Hutt. 59. 2 Stra. 1094.

The defendant must therefore be discharged from this action.