Edwin F. Partridge, Frank Brenton, Charles N. Foster and Alfred E. Burk, Appellants, *v.* John J. A. Powell.

*Practice, C. P.—Nonresident party attending the taking of depositions— Privileged from service of process.*

Where a nonresident who is a plaintiff in a suit in his own state agrees that the defendants shall take depositions in Pennsylvania, the plaintiff in attending the taking of the depositions is privileged from service of process in a suit instituted in Pennsylvania against him by the defendants.

Argued Jan. 6, 1897. Appeal, No. 316, Jan. T., 1896, by plaintiffs, from order of C. P. No. 1, Phila. Co., Dec. T. 1894, No. 554, making absolute a rule to set aside service of process. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to set aside service of process.

From the evidence it appeared that the defendant is a resident of Wytheville, Wythe county, Virginia, and also the complainant in a suit in equity now pending in the circuit court of Wythe county, state of Virginia, wherein the appellants, who are for the most part citizens of Philadelphia, are respondents. In December, 1894, at the conclusion of the taking of certain depositions on his part in the suit in Wytheville, Va., at which counsel for the respondents was present, Powell agreed that depositions on behalf of the respondents might be taken in the city of Philadelphia before any notary public whom counsel for the respondents might choose. Pursuant to this agreement notice was served upon Powell that depositions on behalf of the respondent would be taken January 15, 1895, at the office of counsel for the respondents in the city of Philadelphia. Powell, who at the time this agreement was made had said that he could not attend the taking of the depositions personally, but would be obliged to have his local counsel go to Philadelphia for this purpose, afterwards determined to attend the taking of the depositions. After three o'clock in the afternoon of the day, and immediately upon his entrance into the office of the counsel for the respondents, he was served with a summons in this suit. He had no other business in Philadelphia and his sole purpose in going there was to be present at the taking of depositions on behalf of the respondents.

The court made the rule absolute, BIDDLE, P. J., filing the following opinion :

As between the parties it was a waiver of the necessity of taking out a commission for the benefit of the defendant. While he could not claim the privilege as against a third party, as he was not brought here, nor did he come voluntarily in consequence of any legal process, yet where the legal process is waived by both parties, neither can take advantage of the waiver. It would be an inducement to bring him within the jurisdiction, which should not be taken advantage of. He ought to stand in the same position, as if he came under a commission, in which case we do not think he could be served.

Witness attending court at request of district attorney not liable : Wilson v. Byrd, 14 W. N. C. 438. Decoying defend-

ant within the jurisdiction of the court: Wood v. Com. Trust Co., 14 W. N. C. 127.

*Error assigned* was above order.

*William C. Mayne*, for appellants.—The appellee voluntarily came into the jurisdiction of the court below. There is not a scintilla of evidence of his having been decoyed, tricked, or even requested to come into the jurisdiction of the court below by the appellants or their counsel.

Clearly, no law, either of this state or of the state of Virginia, or of any other state, or of the United States, that we know, required the presence of the defendant below at the taking of the depositions in this city; and therefore, he can claim no protection in the discharge of any duty so required: Wetherill v. Seitzinger, 1 Miles, 237; Holmes v. Nelson, 1 Phila. 217; Trine v. Winton, 3 Luz. Leg. Reg. 216; Huddeson v. Prizer, 9 Phila. 65; Greer v. Young 120 Ill. 184; Parker v. Manco, 61 Hun, 519; McIntyre v. McIntyre, 5 Mackey (D. C.), 344; 1 Troubat and Haly, 5th ed. sec. 236; Fearl v. Hanna, 129 Pa. 588; Wilson v. Byrd, 14 W. N. C. 438; Tracy v. Com. Guarantee Co., 14 W. N. C. 127; Bennethum v. Bowers, 133 Pa. 332; Pontius v. Nesbit, 40 Pa. 309; Feagley v. Norbeck, 127 Pa. 238; Act of May 9, 1889, P. L. 158.

*Francis J. Alison*, for appellee.—The defendant was privileged: 7 Comyn's Dig., Privilege, 113; Wilson v. Sheriffs of London., 1 Brownl. 15; Clerk v. Molineux, Ray. 100; Ex parte Kerney, 1 Atk. 54; Grover v. Green, 1 Caine's Rep. 115; Spence v. Stuart, 3 East, 89; Meekins v. Smith, 1 H. Bl. 636; Cole v. Hawkins, Andrews' Rep. 275; Hayes v. Shields, 2 Yeates, 222; Holmes v. Nelson, 1 Phila. 217; Trine v. Winton, 3 Luz. Leg. Reg. 216; Eby v. Demuth, 1 Lancaster Bar, Feb. 12, 1870; Huddeson v. Prizer, 9 Phila. 65; Souder v. Burling, 1 T. & H. Pr. 236; Sener v. McCormick, 13 C. C. 352; U. S. v. Edme, 9 S. & R. 147; Austin v. Brown, D. Ct. Phila. Dec. 1848, Tr. & H. Pr. 238.

A nonresident suitor who comes into the jurisdiction of a court of this state for the sole purpose of attending the taking of depositions to be used by his adversaries in a suit pending in

a foreign court, to which suit the nonresident suitor is a party, cannot be served in a civil suit instituted in a court of this state eundo morando et redeundo : Andrews v. Lembeck, 46 Ohio, 38 ; Finch v. Galligher, 12 N. Y. Super. Ct. 487 ; Plimpton v. Winslow, 9 Fed. Rep. 365; Parker v. Marco, 136 N. Y. 587 ; Powers v. Arkadelphia Lumber Co., 42 Cent. L. J. 397 ; Juneau Bank v. McSpedan, 5 Biss. 64; Bridges v. Sheldon, 7 Fed. Rep. 17 ; Brooks v. Farwell, 4 Fed. Rep. 166 ; Union Sugar Refinery v. Matthiesson, 2 Cliff. 304 ; Steiger v. Bonn, 4 Fed. Rep. 17.

PER CURIAM, January 25, 1897 :

There appears to be nothing in this record that would justify us in sustaining either of the specifications.

For reasons given by the learned president of the common pleas, we are all of opinion that the service of the writ of summons was rightly set aside. There is nothing in the case that requires special notice.

Judgment affirmed.