PEET v. FOWLER.

(Circuit Court, E. D. Pennsylvania. May 28, 1909.)

No. 574.

PROCESS (§ 118*)—SERVICE—EXEMPTION—ATTENDANCE AT COURT.

A receiver while in attendance on a court in another jurisdiction as plaintiff in an action therein, and also in obedience to a subpœna served on him by the defendant, and while going to and returning from such court, is privileged from the service of civil process on him in a suit against him in such jurisdiction.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 146; Dec. Dig. § 118.*]

On Motion to Quash Service of Summons.

See, also, 170 Fed. 620.

John McClintock, Jr., for plaintiff.
Charles Biddle, for defendant.

HOLLAND, District Judge. It is a well-established principle of law that parties to a suit, for the sake of public justice, are privileged from the service of process upon them in coming to, attending upon, and returning from the court, or as it is usually termed, eundo, morando, et redeundo. This is an immunity of all persons under certain circumstances, on the principle that, where the law requires any duty of the citizen, it will protect him in the discharge of that duty, and the privilege extends to the service of a summons as well as a capias. The cases in point are collected in Troubat & Haley's Practice, § 236.

Mr. Schofield, receiver of the First National Bank of Manasquan,

had instituted a suit against the plaintiff in this court to recover on two notes. The case was called for trial on Monday, April 19, 1909, and the defendant, who is the successor in the receivership of Mr. Schofield, appeared here for the purpose of being substituted on the record as the plaintiff, and, in addition, he had been subpœnaed by the defendant in the other suit, who is the plaintiff here, to appear to testify in that suit. Upon his arrival here on April 19th, before he had been substituted, he was served with a summons in this suit. He was met in the corridor of the buildings in which the United States courts are held, and, upon request, walked into the marshal's office, where a summons was served upon him; at the same time a statement was made by the officer that a summons could not be served in or about the courts, but that it could be served in the marshal's office. Mr. Fowler refused, upon request, to accept service, for the reason, as he stated, that he did not think suit could be instituted against a receiver without permission of the court appointing him. At the conclusion of the trial, on the following day, a summons was again served in this suit upon the defendant as he was leaving his hotel for the train upon which he expected to go to his home, and a motion was immediately filed to set aside the service of the summons, upon the ground that his presence here was required in the conduct of the litigation in which he was plaintiff, and in answer to a subpœna served upon him by the defendants in that suit.

The evidence fails to establish that the defendant waived any right which he may have had under the circumstances. As he was here in answer to a subpœna and as plaintiff in a suit, he was privileged from service of civil process in coming to, attending upon, and returning from the court. Troubat & Haley's Practice, § 236; Ferree & Co. v. Pierce, 25 Pa. Co. Ct. Rep. 112; Partridge v. Powell, 180 Pa. 22, 36 Atl. 419.

The cause of action is said to be the right to a fund of $22,000 which was deposited with the bank, of which Mr. Fowler is receiver, by a bridge company, in its own name. Mr. Peet claims not only that the deposit is his property, but that when this ownership is established he will be entitled to use it as a set-off against the bank's claim against him on the notes upon which the suit was brought and tried in this court. The motion for a new trial in that suit has been overruled, and judgment will be entered for the amount of the verdict; but a stay in the proceedings has been ordered in that suit so that the plaintiff in this case may file a bill in this court, or institute such other proceedings in this state or the courts of New Jersey as he may deem necessary to determine the question of his right to the deposit in question now in the possession of the Manasquan Bank.

It is claimed by the plaintiff that the defendant has avoided service in this matter, and is endeavoring to delay him in the determination of the question as to the ownership of this fund. I am not convinced that such is the fact, but this court has full power to protect the defendant in the judgment in the suit on the notes until the ownership of the deposit is settled.

It is therefore ordered that the service of the summons in this case be set aside.