## Luch v. Loughry et al.

*Hughes & McAlister*, for plaintiff.

*Marriner & Wiley, Ben H. Richman* and *A. Kirk Wrenshall*, for defendants.

HUGHES, J., February 17, 1934.—On April 17, 1933, the plaintiff brought an action against Leslie D. Loughry and Andrew Gulyban, Jr., for damages growing out of an automobile collision in which she received personal injuries. The defendants, on April 18, 1933, issued a writ of sci. fa. under the Act of April 10, 1929, P. L. 479, as amended by the Act of June 22, 1931, P. L. 663, bringing Andrew Ernes upon the record as a party defendant. This writ was served upon Andrew Ernes on June 1, 1933, at Washington, Pa., and a return of the same was duly made by the sheriff. Thereafter Andrew Ernes issued a rule to show cause why this service should not be set aside, averring that he is a resident of Warwood, W. Va., that at the time the service was made upon him he was leaving the courthouse on his way to return to his home in the State of West Virginia, and that he was served with the writ by the Sheriff of Washington County upon the courthouse steps. He avers that this service occurred on Monday, May 29, 1933, at about 4:30 in the afternoon, at which time he was present in court as a defendant in a suit instituted by one June Houston. The defendants admit all the facts that I have outlined, stating, however, that the service was made after Andrew Ernes had left court and after the jury had his case.

A case very similar to the present one is that of Ferree & Co. v. Pierce, 10 Dist., R. 746, wherein the defendant, a resident of St. Louis, Mo., was in the City of Pittsburgh, attending the trial of an action in the court of common pleas in which a corporation of which he was vice president and general manager was a party and at the trial of which he was a witness. The case closed on the evidence on January 10th, and the arguments and charge to the jury were made on January 11th, at 11 a. m. At 12 o'clock of the same day, the defendant was served with a summons, which service he moved to set aside on the grounds of privilege. The court held that he was privileged from serv-

ice of process during his attendance throughout the whole trial and for a reasonable time thereafter, and that 1 hour after the conclusion of the case was such a reasonable time. It is a general principle that suitors in attendance at court outside the jurisdiction of their residences are immune from service of civil process while attending court and for a reasonable time before and after, in going to court and in returning to their homes: 50 C. J. 548; Hayes v. Shields, 2 Yeates 222; Baxter v. Conroy, 26 Dist. R. 430; Morrow v. Dudley & Co., 15 Dist. R. 734; Ferree v. Pierce, supra; Moyer et ux. v. Place et al., 13 Pa. C. C. 163; Hendrick v. Gates, 2 Pa. C. C. 160.

In the present case, the jury had received the case from the court at 4:30 and the defendant was served at 4:35 p. m., which was some 5 minutes after the conclusion of the case. This was not such a reasonable time as would validate the service had upon the defendant herein.

And now, February 17, 1934, the service of the writ aforesaid is hereby set aside. From Harry D. Hamilton, Washington. Pa.