Cowperthwait, Admr., *v.* Lamb, Appellant.

Argued January 6, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

David J. Conroy, with him James W. Scanlon and William J. Garvey, for appellant.

J. Julius Levy, with him Louis A. Fine, for appellee.

OPINION BY MR. JUSTICE CHIDSEY, March 23, 1953:

David S. Cowperthwait, administrator of the estate of his deceased son, Douglas Cowperthwait, brought an action of trespass in Lackawanna County against Frederick T. Lamb, arising out of a fatal automobile accident occurring in Susquehanna County. Both plaintiff and defendant were residents of the latter county. The complaint in the action was served upon the defendant Lamb in Lackawanna County as he was leaving a hearing in the Lackawanna County Court House at Scranton, held before a representative of the Secretary of Revenue of the Commonwealth in accordance with the provisions of Section 192(b) 4 of The Vehicle Code, Act of May 1, 1929, P. L. 905, as amended, 75 PS §192. The defendant had been notified of the hearing which involved the suspension of his motor vehicle operator's license, and had entered Lackawanna County for the purpose of attending such hearing. The defendant filed preliminary objections in the nature

of a motion to strike off the service of the complaint which the court overruled, and this appeal followed.

The question presented is whether the defendant was immune from civil process issued in the trespass action while attending and departing from the hearing before the representative of the Department of Revenue.

It is almost universally recognized that parties and witnesses in attendance on a court outside the territorial jurisdiction of their residence are immune from service of civil process while attending court, and for a reasonable time before and after, in going to court and returning to their homes: 72 C.J.S., Process, §80, p. 1112 et seq.; 42 Am. Jur., Process, §139, p. 119, et seq. In most jurisdictions the immunity from process of nonresidents is applied to witnesses or parties, who although residents of the state, are nonresidents of the county in which they are attending court: 42 Am. Jur., Process, §146, p. 127; 72 C.J.S., Process, §80(b), p. 1116. And this rule of immunity obtains in Pennsylvania. In the recent case of *Crusco v. Strunk Steel Co. et al.,* 365 Pa. 326, 74 A. 2d 142, where a resident of Montgomery County claimed immunity from service in Philadelphia County while attending a hearing there, speaking through Mr. Chief Justice DREW, we said at p. 328: "The privilege of exemption from service of civil process enjoyed by a non-resident suitor or witness in a civil action has long been recognized by our courts to be an exception to the general rule that a creditor may subject his debtor to service in whatever jurisdiction he may find him: Hayes v. Shields, 2 Yeates 222; Miles v. M'Cullough, 1 Binn. 77.".

The court below, after citing many cases where it was held that the immunity extends not only to those in attendance upon a court of record but to those ap-

pearing before any judicial tribunal or officer,[1] concluded that the exemption may be claimed in all civil proceedings which are in their nature judicial, whether taking place in court or not, but at the same time decided that a hearing before the agent of the Secretary of Revenue of the Commonwealth concerning the suspension of an automobile operator's license was not of such judicial nature as to exempt one in attendance thereat from the service of civil process. In reaching this determination the lower court principally relied on the case of *Commonwealth v. Cronin*, 336 Pa. 469, 9 A. 2d 408, where it was stated at p. 473: ". . . A license to operate an automobile upon the highways of

---

[1] To quote from the lower court's opinion: ". . . as before a magistrate or justice of the peace: U. S. vs. Edme, 9 S. & R. 147 (1822); Carstairs vs. Knapp, 35 W.N.C. 292 (1894); Kennedy vs. Davidson, 1 Just. 149 (1902); before arbitrators, Webb vs. Carter, 9 Lanc. Bar 65 (1877); before an examiner in equity proceedings, Huddeson vs. Prizer, 9 Phila. 65, 29 L.I. 188, I Luz. 385, 3 Leg. Op. 278 (1872); before a master or examiner in divorce proceedings, Steinmetz vs. Wade, 3 W.N.C. 187 (1876); before a commissioner, Henderson vs. Worthington, 4 Leg. Gaz. 396, 20 Pitts. 75 (1872); before a notary public or alderman, for the purpose of having his deposition taken, Wetherill vs. Seitzinger, 1 M. 237 (1836); Partridge vs. Powell, 180 Pa. 22, 36 A. 419 (1897), affirming 4 Dist. 119, 35 W.M.C. 576 (1896); before a referee in bankruptcy proceedings, Morrow vs. Dudley, 144 F. 441 (U.S.D.C. 1906); Bowen vs. Baker, 20 Leh. L.J. 9 (Com. Pl. 1941); and before an auditor settling decedent's estate. Keller & Stanley vs. Jackson, 5 Wash. 183, 73 P.L.J. 941 (Com. Pl. 1919) . . . to a party attending the taking of depositions, Wetherill vs. Seitzinger, 1 M. 237 (1836); Wicks vs. Brown, 1 T. & H. Pr. 238 (cited 11 Phila. 217) (1849); Souder vs. Burling, 1 T. & H. Pr. 236 (1852); Trine vs. Winton, 3 Luz. 216 (1874); Partridge vs. Powell, 180 Pa. 22, 36 A. 419 (1897); though he determine not to have it taken, Wetherill vs. Seitzinger, 1 M. 237 (1836); and to a party attending the hearing of an equity case before an examiner, Eby v. Demuth, 1 Lanc. Bar, 12 Feb. (1870); Huddeson vs. Prizer, 9 Phila. 65 (1872); Steinmetz vs. Wade, 3 W.N.C. 187 (1876)."

the Commonwealth is a privilege and not a property right, and the power of the Secretary of Revenue to suspend or revoke such operating privileges is an administrative and not a judicial function: Com. v. Funk, 323 Pa. 390. . . .". This language refers to the *act* of suspension. The power to suspend is vested in the Secretary of Revenue as an administrative officer and suspension is an administrative act. But the proceedings prescribed by the Code for the determination whether or not the power of suspension should be exercised are clearly judicial in nature. A distinction must be made between the origin of the power and the incidents to its proper exercise. This is recognized in *Commonwealth v. Funk*, 323 Pa. 390, 186 A. 65, cited in the *Cronin* case, where this Court quoting from *Tryon v. Willbank*, 234 App. Div. 335, 339 (New York), said at p. 399: ". . . *'While the hearing in such a proceeding* [*revocation of license*] *may be said to be quasi judicial, the act of the Commissioner is an administrative and not a judicial one.'* . . .". (Emphasis supplied).

When a hearing is had before the Secretary of Revenue (or his representative), he is not given an absolute discretionary authority to suspend the operator's license. He may suspend it only after a finding "upon sufficient evidence".[2] He holds a hearing, passes upon

---

[2] Section 615 of the Act of May 1, 1929, P. L. 905, as amended, 75 PS §192, provides: ". . . (b) The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, whenever the secretary *finds upon sufficient evidence*: 1. That such person has committed any offense for the conviction of which mandatory revocation of license is provided in this act; 2. That such person has committed any violation of the motor vehicle or tractor laws of this Commonwealth; 3. That such person has failed to file a report with the department of a motor vehicle or tractor accident as required by this act; 4. That such person was operating any motor vehicle or tractor involved in an accident resulting fatally

the credibility of witnesses and applies law to the facts. Obviously the hearing is essentially and inherently of the nature of a judicial proceeding.

In defining the reason for the immunity rule, this Court said in the *Crusco* case at p. 328: ". . . It is not a privilege of the individual, however, but of the court itself and exists that the business of the courts might be expedited and justice duly administered by insuring immunity to those who might not otherwise appear and whose attendance is necessary to the proper trial of a case: Lamb v. Schmitt, 285 U. S. 222; Stewart v. Ramsay, 242 U. S. 128; Diamond v. Earle, 217 Mass. 499; Parker v. Marco, 136 N. Y. 585. Because this exemption constitutes a derogation of a natural right of party creditors, it should not be enlarged *beyond the reason upon which it is founded* and should be extended or withheld only as judicial necessities require: Lamb v. Schmitt, supra, Netograph Co. v. Scrugham, 197 N. Y. 377.". (Emphasis supplied).

The "reason upon which [the immunity rule] is founded" is fundamentally and primarily the desirability that justice be administered by a full and fair hearing, unhampered by deterrence of the attendance of witnesses. This is just as important in proceedings of a judicial nature before an administrative body or official as it is in a proceeding before a court of record. The attainment of justice is the objective in either instance.

------

to any person; 5. That such person is incompetent or unable to exercise reasonable and ordinary control over a vehicle; . . .". (Emphasis supplied). Under Section 616 of the Act of 1929, as amended, any person whose operator's license has been suspended by the Secretary may appeal within thirty days to the common pleas court of the county in which he resides which hears the matter de novo.

While this is a case of first impression in this Court, the same issue has been presented to the lower courts of this State and of New York. In *Scott v. Simmons,* 27 D. & C. 383, and in *Palazzo v. Conforti,* 50 N. Y. S. 2d 706, it was held that an operator of a motor vehicle was immune from service of civil process while attending or leaving a hearing held by an administrative officer to determine whether his operator's license should be suspended. The immunity rule was applied in *Engle v. Manchester,* 46 App. D.C. 220, to cover a nonresident attending a hearing in the United States Patent Office. In *People v. Strabo et al.,* 246 N. Y. Supp. 618, it was applied in favor of a nonresident voluntarily attending a hearing before the attorney general. In *Stumpf v. Pederson et al.,* 54 P. 2d 1035 (Okla.) the rule was applied at a hearing before a State Tax Commission. The following language employed by the court in *In re Ferrari's Ex'rs,* 236 N. Y. Supp. 406, where immunity was granted to a witness attending a legislative hearing is pertinent: "Whereas, in a strict and literal sense the Moreland Commission is not a judicial tribunal, it is a duly authorized official inquiry into matters deeply affecting the public interest, with powers to subpoena witnesses etc., similar to those possessed by the usual court . . . Since it has been repeatedly determined that the reason for the immunity of witnesses in private litigation is that public policy requires that those able to shed light on the questions for determination should not be deterred from attending, it follows as an a fortiori matter that in such hearings as those of this commission, in which, not only a large number of individuals, but the state itself, is vitally interested, the same reasons would apply to an even greater degree.".

In a hearing before the Secretary of Revenue to determine whether or not the privilege of operating a motor vehicle shall be suspended, the public as well

as the licensee is interested. The use of an automobile has become almost a necessity, but it remains a source of danger to all users of the highways. Ascertainment of the truth of any charge that provokes so important an inquiry should not be hindered by the fear of a party or witness that he will subject himself to the burden of a new law suit.

Although there is divergence of opinion in other jurisdictions, we indicated in the *Crusco* case[3] that a defendant in a criminal action does not enjoy immunity from civil process because he has no choice in the matter of attendance. However, appellant does not contend, nor could he successfully do so, that the hearing here involved was criminal in character. Appellant was not arrested nor compelled to attend the hearing before the representative of the Secretary of Revenue. The latter is not constituted a tribunal to try and convict of crime nor does he act as a committing magistrate. Appeal from his action is to the common pleas. If the respondent in the proceeding before the Secretary has committed a criminal offense, such is dealt with under the criminal processes of the law.

The order of the court below is reversed. The service of the complaint upon appellant in the civil action and the return thereof are set aside. Costs to be paid by appellee.

---

[3] In the *Crusco* case the nonresident defendant in a criminal proceeding was held exempt from civil process while attending a preliminary hearing before a magistrate, but this was because this Court held that under the facts in the case a presumption arose that the criminal action was not brought in good faith but fraudulently in order to obtain jurisdiction over the defendant in the civil suit.