## Fleck v. Fleck

*Davis & Davis*, for plaintiff.
*John W. Taylor*, for defendant.

GRIFFITH, J., December 12, 1955.—Defendant, a resident of Arlington, Virginia, came to Cambria County for the purpose of obtaining custody of her minor child, who had been removed from the marital residence of the parties in Arlington, Virginia, and brought to Cambria County by plaintiff. Defendant filed her petition for writ of habeas corpus to no. 793 June term, 1955, for the custody of James Byron Fleck, the minor. On the morning of May 26, 1955, while defendant was on the second floor of the courthouse in Ebensburg, on her way to the hearing in the habeas corpus proceeding, she was served with a complaint in divorce by the sheriff of Cambria County. She thereupon filed preliminary objections requesting that the service of the complaint be dismissed.

In Cowperthwait v. Lamb, 373 Pa. 204, 206, the Supreme Court said:

"It is almost universally recognized that parties and witnesses in attendance on a court outside the territorial jurisdiction of their residence are immune from service of civil process while attending court, and for a reasonable time before and after, in going to court

and returning to their homes: 72 C. J. S., Process, §80, p. 1112 et seq.; 42 Am. Jur., Process, §139, p. 119, et seq. . . . And this rule of immunity obtains in Pennsylvania."

In this case, however, it is contended by plaintiff that although defendants in civil actions and witnesses are exempt from service of civil process outside the territorial jurisdiction of their residence, that plaintiffs are not, apparently on the theory that one who voluntarily seeks the aid of the courts of a State other than his residence should not object to being subjected to the processes of those courts.

The precise question has never been raised in Pennsylvania except in the case of nonresident plaintiffs who, while in attendance at court, have been held not to be exempt from service in an action by defendants for relief connected with the subject matter of the litigation commenced by them in cases where a full adjustment of the rights of all parties cannot be had in the first action unless original plaintiff may be brought on the record and served by an action instituted by original defendant. For example, in Shellito v. Grimshaw et al., 367 Pa. 599, it was held that a nonresident executor of a deceased nonresident participant in an automobile accident who institutes a suit in the county where the accident occurred is subject to personal service of process in such county for the purpose of joining him as an additional defendant in another suit arising out of the same accident. In that case the court said, page 602:

"It cannot be said that appellant is within the jurisdiction of the Commonwealth to institute suit on a cause of action arising here, but not within the jurisdiction for service of process in another suit in the same county *arising out of the same action.*" (Italics supplied.)

Likewise in Vaughan v. Womeldorf et al, 366 Pa. 262, it was held that a participant in an automobile accident in one county may not institute a suit in another county and, having secured service on defendant in that county, successfully resist an application by defendant to join such participant as an additional defendant in that suit. In that case the court said, page 266:

"Since additional defendant has instituted his suit in Allegheny County, none of the disadvantages of making a defense in a county other than the one where the accident occurred, will be present. One purpose of third party procedure is to avoid multiplicity of suits by adjudicating in one suit the rights and liabilities of all the parties to a single transaction which constitutes the cause of action and applicable rules should, if possible, be construed to accomplish this purpose."

The present action of divorce, however, is not an action by defendant for relief connected with the subject matter of the habeas corpus litigation and we are satisfied that the general rule of immunity should apply, regardless of the fact that present defendant was plaintiff in the habeas corpus proceeding. In order to obtain the custody of her child, present defendant was compelled to come to Cambria County to institute a habeas corpus proceeding. It would appear to be as important to the administration of justice that foreign plaintiffs should be protected in making a full presentation of their cases as it is that parties defendant should be given this protection: 42 Am. Jur., Process, §144, p. 126. While there are a few jurisdictions in which it has been held that a nonresident plaintiff is not entitled to immunity from service of civil process, the majority rule is otherwise: 72 C. J. S., Process, §80, pages 1114, 1115. Immunity has been allowed to

nonresident plaintiffs in the following States: California, Maryland, Massachusetts, Montana, New Jersey, New York, South Dakota, Tennessee and Vermont.

We believe the service of the complaint in divorce upon defendant in the Cambria County courthouse on May 26, 1955, was invalid and we, therefore, enter the following

### Decree

And now, December 12, 1955, after argument, and upon due consideration, the service of the complaint in divorce in this action upon defendant, and the return thereof, are hereby set aside.

### Exception

To all of which counsel for plaintiff except and pray that an exception be noted and bill sealed; all of which is, the day and year aforesaid, accordingly done.