Eberlin *v.* Pennsylvania Railroad Company, Appellant.

Argued November 14, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Arthur W. Leibold, Jr.,* with him *Philip Price,* and *Barnes, Dechert, Price, Myers & Rhoads,* for appellant.

*Frank M. Jakobowski,* with him *White & Williams,* for additional defendant, appellee.

OPINION BY MR. JUSTICE COHEN, January 16, 1961:

On July 31, 1958 while plaintiff, Dolores Croucher Eberlin (Eberlin), was a passenger in the automobile of additional defendant, John H. Hampton, Jr. (Hampton), Hampton's automobile and a train of the Pennsylvania Railroad Company (Railroad) collided at a grade crossing in Williamsport, Lycoming County, Pennsylvania. Eberlin was a resident of Williamsport at the time of the accident and continues to live there. Hampton was a resident of Williamsport at the time of the accident but moved to New Jersey on January 2, 1960.

On February 19, 1960, Eberlin, her husband and her father instituted the instant action in the Court of

Common Pleas No. 2 of Philadelphia County against the Railroad. On February 23, 1960, Hampton filed a complaint against the Railroad in the United States District Court for the Eastern District of Pennsylvania in Philadelphia.

On April 1, 1960, the Railroad, defendant in the state court action, filed a complaint against Hampton, as additional defendant, alleging that Hampton is solely liable to plaintiffs and that if the Railroad should be held liable to plaintiffs in this state court proceeding, Hampton is liable to it for indemnity or contribution. On April 5, 1960, Hampton, while present in the offices of the Railroad's attorney for the purpose of giving a deposition in the federal court case which he had instituted, was served personally with a copy of the Railroad's complaint against him as an additional defendant in this state court action.

Hampton filed preliminary objections challenging the service of the complaint. The court of common pleas sustained Hampton's preliminary objections and ordered that the Railroad's complaint against him be stricken off on the theory that the additional defendant was immune from service of process since he appeared in the jurisdiction for his deposition in the federal court case. This appeal followed.

The privilege of exemption from service of civil process enjoyed by a nonresident suitor or witness in a civil action is not a privilege of the individual but of the court itself and exists that the business of the court might be expedited and justice duly administered. *Crusco v. Strunk Steel Company*, 365 Pa. 326, 328, 74 A. 2d 142 (1950). The privilege is only extended as judicial necessities require and should be denied if the court feels that under the circumstances the judicial necessity is not great enough to require it. See *Long v. Ansell*, 293 U. S. 76, 83 (1934).

Where a nonresident commences an action within this Commonwealth our courts will not grant him immunity from service of process for a cause of action arising out of the same transaction. See *Shellito v. Grimshaw*, 367 Pa. 599, 81 A. 2d 544 (1951). Neither judicial necessity nor federal law require that we extend immunity in this case. The federal courts themselves recognize the existence of different standards of immunity. See *Hardie v. Bryson*, 44 F. Supp. 67, 70, 73 (E.D. Mo. 1942). See also *Kirtley v. Chamberlain*, 250 Iowa 136, 93 N.W. 2d 80 (1958), where the Iowa courts refused to grant immunity from service of process to a nonresident litigant in a federal court action since both the state and federal actions arose out of the same transaction.

Order reversed.