## Wings, Inc. v. Schwartz

Before Groshens, Honeyman, and Quinlan, JJ.

*Gerald F. Glackin,* for plaintiff.
*Jean B. Green,* for defendant.

QUINLAN, J., October 10, 1963.—This matter is now before the Court en banc, consisting of the Hon. David E. Groshens, J., the Hon. Robert W. Honeyman, J., and the writer of this opinion upon defendant's preliminary objections to plaintiff's complaint in the nature of a motion to strike the complaint for lack of jurisdiction.

Defendant, Carol Schwartz, was at all times pertinent hereto a resident of the State of Massachusetts. Service in the instant matter was allegedly made upon him by service upon an attorney who represents him in a related matter, now presently pending before our court. It is the contention of defendant that, since he is a nonresident of the Commonwealth and not present herein, the jurisdiction of this court should not be exerted over him merely by service upon his attorney. Therefore, the sole question before us at this time is whether or not service of the complaint upon the attorney for a nonresident defendant is sufficient to confer the jurisdiction of this court on such a defendant. On the basis of the facts in the instant case, we do not believe that such service is sufficient to confer the jurisdiction of this court upon defendant.

From the pleadings presented to this court, it appears that in 1957 defendant delivered a single-engine aircraft to plaintiff, Wings, Inc., a Pennsylvania corporation doing business in Montgomery County, Pa. The aircraft was delivered in connection with repairs which said defendant was to complete. Repairs were allegedly made to the craft, and demands were made by plaintiff herein at numerous times between 1957 and June of 1962 that said defendant pay for the labor and materials which was expended by plaintiff in making these repairs. On June 6, 1962, plaintiff, Wings, Inc., notified defendant that unless the bill for labor

and materials was paid, the aircraft would be sold at public auction pursuant to law. In order to protect his interest in the aircraft, defendant herein commenced an action in replevin in this county for the return of the aircraft and for damages resulting for its alleged wrongful detention. The action in replevin is still pending before this court.

On April 17, 1963, plaintiff commenced the present proceedings against Carol Schwartz by filing a complaint in assumpsit. The service of the said complaint was made upon the attorney which the said Carol Schwartz had retained in order to commence the replevin action. Defendant then filed preliminary objections to the complaint on the grounds that jurisdiction had not been properly obtained over him, a nonresident of the Commonwealth. It is that matter which is now before us.

The questions which this argument presents to the court are indeed interesting ones which require careful examination. Plaintiff contends that the jurisdiction of this court can be properly exerted over defendant, a nonresident of this Commonwealth, because he has already submitted to the jurisdiction of this court by commencing an action in replevin against Wings, an action which arises out of the same transaction which is involved in the instant matter. A number of cases are cited which, at first sight, indicate that defendant is within this jurisdiction for purposes of service of process in the instant matter.

In Vaughan v. Womeldorf, 366 Pa. 262 (1951), the court was faced with a situation which, to some extent, is similar to the present one. As a result of an accident which happened in Allegheny County, a nonresident of that county instituted suit in that county. The said nonresident, however, resisted any attempt to be joined as an additional defendant in any of these Allegheny County suits which arose out of the same cause of ac-

tion. In holding that he could be so joined as an additional defendant, the court stated that Kelly, the nonresident of the county, by instituting suit in Allegheny County "submitted himself to the jurisdiction of the courts of that county". The court held that "It would be unrealistic to decide that the additional defendant is *in esse* within Allegheny County to institute suit, but not *in esse* to be served while in that county (being represented therein by an attorney of record), while pursuing his cause of action".

The Vaughan case was cited in Shellito v. Grimshaw, 367 Pa. 599 (1951). In the latter case, the court held that a nonresident executor who instituted suit within the Commonwealth on the basis of an auto accident within the Commonwealth was also deemed to be within the jurisdiction for service of process in another suit arising out of the same action.

Again in Eberlin v. Pennsylvania Railroad Company, 402 Pa. 520 (1961), the court held again that where a nonresident commences an action within this Commonwealth, our courts will not grant him immunity for service of process for a cause of action arising out of the same transaction. The reasoning and policy behind these cases is sound. It is the feelings of our courts that if one wishes to come into the State in order to institute legal proceedings against a party within the State, he must thereby submit himself to the jurisdiction of the same courts in actions arising out of the same transactions which relate to the suit or suits which he has commenced. However, neither the reasoning of these cases nor the policy which is promulgated therein should have any bearing in the instant matter.

It should be noted that prior to June of 1962, defendant was not present within this jurisdiction, either personally or by an agent. There was present, however, within this jurisdiction, personal property which was

owned by defendant. The presence of such property, however, would not give plaintiff herein any jurisdiction over the person of defendant. It could, however, institute proceedings against the property itself, which it did, by exerting a common-law lien for labor and materials. When it did so exert its common-law lien for labor and materials and notified defendant herein of its intention to sell the aircraft at public sale, defendant had no alternative but to protect this interest. The Act of May 7, 1925, P. L. 557, sec. 1, 6 PS §11, which sets forth the "Procedure for sale of personal property under common law lien", provides as follows:

". . . the owner of said property, if he disputes said bill, may issue a writ of replevin, as provided by law, within the said thirty days, and the said dispute shall be settled in said *action of replevin*." (Italics supplied.)

In order to protect his interest in this aircraft, the present defendant did commence an action in replevin against Wings, Inc., for the return of the aircraft and for damages resulting from alleged wrongful detention. An answer and new matter were filed to the present defendant's complaint in replevin action, and the said answer and new matter raise the same issues which were set forth in the complaint in the instant matter.

It appears to us that Wings, Inc., the present plaintiff, was the party which instituted the legal proceedings against the aircraft which belongs to defendant herein, and that the action of said defendant in commencing an action in replevin in order to protect that interest cannot be regarded as the institution of a suit in this jurisdiction for purposes of placing the said defendant under this court's jurisdiction. After the present plaintiff had exerted its common-law lien over defendant's property and threatened a public sale thereof, defendant had no alternative but to come in and protect its interest through an action of replevin.

In our opinion, this situation is not the same as those where a nonresident takes the initiative and institutes a legal action within this jurisdiction. On the contrary, it is more similar to those cases where plaintiff is seeking to have the court exert jurisdiction over a nonresident merely because he is already a defendant in another action pending in the county.

If we were to hold that the jurisdiction was obtained over defendant in this matter, then the jurisdiction of this court could be extended to the person of any nonresident defendant whose property is located within this jurisdiction and subject to a lien by one present in the jurisdiction. Any attempt by the nonresident property owner to protect his interest in a court of law could subject him to the jurisdiction of that court for any other related action. We do not believe that the distinction between jurisdiction over property and jurisdiction over the person was intended to be that meaningless.

Finally, we do not believe that our action in striking plaintiff's complaint for lack of jurisdiction would result in any basic prejudice to plaintiff's case. As was pointed out before, the issues which are raised in the present complaint have already been raised by defendant in the replevin action by means of answer and new matter to the complaint. For us to affirm the jurisdiction over the person of defendant and allow this matter to proceed would, in our opinion, result only in a multiplicity of cases which cover the same transaction. We, therefore, conclude that this court does not have any jurisdiction over the person of defendant and that the preliminary objections should be sustained and the motion to strike the complaint for lack of jurisdiction be granted.

### Order

And now, October 10, 1963, for the foregoing reasons, defendant's preliminary objections to plaintiff's

complaint in assumpsit are sustained, and it is ordered that the said complaint be stricken for lack of jurisdiction.