Fahy, Appellant, v. LeBlanc.

Argued September 20, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*James J. McCabe,* with him *Richard A. Kraemer,* and *Duane, Morris & Heckscher,* for appellant.

*Peter P. Liebert, 3rd,* with him *Richard A. Devlin,* and *Liebert, Short, Fitzpatrick & Lavin,* for appellee.

OPINION BY PACKEL, J., December 11, 1972:

Ancient roots support the rule that judicial jurisdiction will normally not be asserted as to nonresidents who are present locally only because they are witnesses or parties to litigation in the jurisdiction.[1] This immunity from legal process "is not a privilege of the individual, however, but of the court itself and exists that the business of the courts might be expedited and justice duly administered by insuring immunity to those who might not otherwise appear and whose attendance is necessary to the proper trial of a case:

---

[1] *Starret's Case,* 1 Dallas 355 (1788) ; 1 Standard Pa. Practice, p. 603 (1960) points out that: "The rules governing immunity of witnesses and parties to judicial proceedings, and of the court officials, from service of process while attending court are of ancient origin, and are mentioned in the Year Books as early as the time of Henry VI."

[Citations]." *Crusco v. Strunk Steel Co.,* 365 Pa. 326, 328, 74 A. 2d 142, 143 (1950).[2]

The appellant and the appellee were the operators of motor vehicles which collided in Canada. A passenger in appellant's vehicle brought one action against the appellee in Canada and another action against the appellant in Philadelphia. Shortly after the Canadian action was dismissed, the appellee testified in the Philadelphia action. On his way home, while still in Philadelphia, he was served with process in an action brought by the appellant against him. The appellant contends that the immunity rule should not be applied in this case, particularly because the appellee had appeared in Philadelphia as a part of a deal to relieve him from liability in Canada. The appellee denies the existence of any deal and contends that the immunity rule was properly applied by the court below in sustaining preliminary objections to jurisdiction.

The last word of the Supreme Court on the immunity issue is *Eberlin v. Pennsylvania R.R. Co.,* 402 Pa. 520, 167 A. 2d 155 (1961). It was there held that a nonresident who chooses to assert a cause of action in this jurisdiction as to a transaction is not immune from the service of process for a cause of action asserted against him, arising out of the same transaction. The underlying reason for this conclusion was stated as follows (402 Pa. at 522, 167 A. 2d at 156-157) : "The privilege is only extended as judicial necessities require and should be denied if the court feels that under the circumstances the judicial necessity is not great enough

---

[2] The rule is restated in the Restatement 2d, Conflict of Laws, §83b as follows: "In order to encourage their appearance, it is customary for a state to grant immunity from service of process to nonresidents whose presence it deems necessary for the proper conduct of a judicial proceeding. Such immunity is usually granted to witnesses and to lawyers and in some states to parties as well. The immunity ceases when the need for protection ends."

to require it. See Long v. Ansell, 293 U.S. 76, 83 (1934)."

The basis for the decision not to protect a nonresident litigant in that type of case is that the reason for granting immunity is outweighed by the importance of justly resolving the full dispute between the parties.[3] An additional factor is that the nonresident's presence in the jurisdiction is for his own benefit.[4] At issue in this case is whether such reasoning does not apply to preclude the granting of immunity to the appellee, a nonresident witness testifying as to fault for a motor vehicle collision in which he and the appellant were the operators.

Aside from any question of a deal as claimed by appellant, it can hardly be disputed that the voluntary appearance of the appellee to testify in this jurisdiction was to serve his own interest. By helping the appellant's passenger to recover full damages in a suit against the appellant, the appellee is decreasing the likelihood of having to defend a claim against himself. Clearly justice would not be served by postponing a determination of the appellee's fault in the collision. For these reasons, the appellee should not be granted immunity in this case.

---

[3] The Supreme Court in *Lamb v. Schmitt*, 285 U.S. 222, 226 (1932), had this to say on the granting of immunity: "The deterrent effect, if any, upon attendance at the trial, of the possibility that these procedures may be resorted to, is outweighed by the fact that the immunity, if allowed, might paralyze the arm of the court and defeat the ends of justice in the very cause for the protection of which the immunity is invoked."

[4] The New Jersey Supreme Court has held that all nonresident parties, whether plaintiffs or defendants, are motivated by self-interest in entering the jurisdiction for purposes of litigation, and that immunity will not be granted ". . . unless there is an affirmative showing that it would violate traditional concepts of fair- play and substantial justice to subject the defendant to [the court's] jurisdiction." *Wangler v. Harvey*, 41 N.J. 277, 286, 196 A. 2d 513, 518 (1963).

In view of the case of modern transportation and communication,[5] in view of new procedural methods for obtaining trial evidence from witnesses who are out of the jurisdiction,[6] and in view of expanding concepts for the exercise of jurisdiction,[7] perhaps the time has come for the total elimination of the immunity rule, but that issue need not be decided at this time.

The order of the court below is reversed.

---

[5] This is the present day justification for the continuance of the ancient doctrine of jurisdiction based on physical presence. The immunity rule is an exception to the doctrine and as such should be limited in its scope. "Because this exemption constitutes a derogation of a natural right of party creditors, it should not be enlarged beyond the reason upon which it is founded and should be extended or withheld only as judicial necessities require: [Citations]." *Crusco v. Strunk Steel Co., supra* (365 Pa. at 328, 74 A. 2d at 143).

[6] Uniform Foreign Depositions Act, §1, 9B U.L.A., 28 P.S. §31 (1921) ; *cf.* Uniform Act to Secure the Attendance of Witnesses From Within or Without a State in Criminal Proceedings, §4, 9 U.L.A., 19 P.S. §622.4 (1941), which expressly provides for immunity of witnesses.

[7] Act of July 1, 1970, P. L. 444, §4, 12 P.S. §344.