## Gekoski *v.* Starer, Appellant.

Argued December 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*S. Jay Sklar*, with him *Joseph N. Bongiovanni, III*, and *Speese and Kephart*, for appellant.

*Charles Jay Bogdanoff*, with him *William L. Kinsley*, and *Gekoski & Bogdanoff*, for appellee.

OPINION BY JACOBS, J., March 27, 1973:

In this appeal we are asked to determine whether a Delaware County relator who brought a habeas corpus action in Philadelphia is immune from service of process in an unrelated action when he attends court proceedings in Philadelphia in connection with his habeas corpus action. The lower court held that he was not immune, and we affirm.

The record in this case is inadequate and we would be justified in sending it back for clarification. However, that would delay disposition of the case and sufficient information can be gleaned from the briefs of counsel to make a decision. Counsel agree that appellant, a resident of Delaware County, brought a habeas corpus action against his wife in Philadelphia relative to the custody of their daughter; in connection with that action, he questioned his wife's treatment of his visitation rights and was in Philadelphia at a hearing regarding those rights when served with process in an unrelated tort action. The court below treated the case as if appellant had been subpoenaed to attend the hearing in Philadelphia. On the basis of the record presented by appellant in the lower court proceedings, the judge could come to no other conclusion. However, on appeal, both parties agree that appellant was not in Philadelphia on subpoena, but was there as the moving party who had asked for the hearing.

In *Crusco v. Strunk Steel Co.*, 365 Pa. 326, 328, 74 A.2d 142, 143 (1950), the Court said: "The privilege of exemption from service of civil process enjoyed by a non-resident suitor or witness in a civil action has long been recognized by our courts to be an exception to the general rule that a creditor may subject his debtor to service in whatever jurisdiction he may find him: Hayes v. Shields, 2 Yeates 222; Miles v. M'Cullough, 1 Binn. 77. It is not a privilege of the individual, however, but of the court itself and exists that the business of the courts might be expedited and justice duly administered by insuring immunity to those who might not otherwise appear and whose attendance is necessary to the proper trial of a case: Lamb v. Schmitt, 285 U.S. 222; Stewart v. Ramsay, 242 U.S. 128; Diamond v. Earle, 217 Mass. 499; Parker v. Marco, 136 N.Y. 585. Because this exemption constitutes a derogation of a

natural right of party creditors, it should not be enlarged beyond the reason upon which it is founded and should be extended or withheld only as judicial necessities require: Lamb v. Schmitt, supra; Netograph Co. v. Scrugham, 197 N.Y. 377."

The guidelines in *Crusco* have been followed by the Supreme Court and our Court in later cases. In each case the test has been whether immunity will expedite the business of the courts and insure justice.

In *Cowperthwait v. Lamb,* 373 Pa. 204, 95 A.2d 510 (1953), it was held that a resident of Susquehanna County was immune from service when he went into Lackawanna County to attend an operator's license suspension hearing. The Court found that the determination of an individual's right to drive an automobile was important to the public, and that such a hearing should not be hindered by fear of a party or witness that he will subject himself to a new lawsuit.

*Eberlin v. Pennsylvania Railroad Co.,* 402 Pa. 520, 167 A.2d 155 (1961), is a recent expression of the Supreme Court on the subject. It stands for the proposition that our courts will not grant immunity to a nonresident who begins an action in Pennsylvania from service of process for a cause of action arising out of the same transaction. In pointing out the rule of *Crusco* that exemption from service of civil process is a privilege of the court, not the individual, the Court said that the privilege should be denied if the court feels that under the circumstances the judicial necessity is not great enough to require it.

On December 11, 1972, this Court handed down *Fahy v. Le Blanc,* 223 Pa. Superior Ct. 185, 299 A. 2d 323 (1972). After citing *Crusco* and *Eberlin,* Judge PACKEL, who wrote the opinion for the Court, held that a nonresident witness testifying as to fault for a motor vehicle collision in which he and the plaintiff were op-

erators was not entitled to immunity. An important reason for our decision, in addition to the fact that the new suit involved the same automobile accident, was that the voluntary appearance of the witness in Pennsylvania to testify was to serve his own interest.

Applying the principles enumerated in the above cases to our case, it is apparent that appellant was not entitled to immunity. He was in Philadelphia for his own benefit, namely to enforce his visitation rights.[1] It was not necessary to give him immunity to assure his presence in court. We have not been shown any judicial necessity requiring that appellant be granted the privilege of immunity.

Order affirmed.

---

[1] Both briefs indicate that appellant's wife was at all times a resident of Delaware County, and apparently appellant went out of the normal jurisdiction to bring the habeas corpus action in Philadelphia.