**Klae Construction Inc. v. J&J Buildings Co. Inc.**

*Anthony J. Martino,* for plaintiff.

*Frank D. Mroczka,* for defendant.

MILLER, *J.,* February 9, 1993—Plaintiff instituted this action by complaint filed December 2, 1991, to recover damages resulting from an alleged breach of a sub-contract agreement. Specifically, plaintiff alleged that defendant's failure to perform under the agreement in a timely and good and workmanlike manner required plaintiff to complete the work undertaken by defendant, correct certain work done by defendant and, further, resulted in the loss of profits to the plaintiff, which damages totalled $20,909.50.

The complaint was not served upon the defendant until October 29, 1992. On November 18, 1992, defendant filed preliminary objections requesting this court to set aside service and dismiss the complaint on the grounds that service was effected upon Richard Jenkins, president of defendant corporation, while he was in Monroe County as a nonresident witness testifying in an unrelated case, and, hence, was immune from service of process. Plaintiff filed an answer to preliminary objections on December 3, 1992. Both parties subsequently filed briefs, and oral arguments were heard by this court on January 4, 1993. The issues are now ripe for disposition, and we are ready to proceed.

The circumstances surrounding the challenged service of process are as follows: Defendant, a corporation with its registered office located in Lackawanna County had filed a mechanic's lien claim against United Steel Enterprises on April 18, 1991, with the Court of Common Pleas of Monroe County, which claim was docketed to no. 206A Civil 1991. A non-jury trial was scheduled in this mechanic's lien action for October 29, 1992. Richard Jenkins, the corporation's president and a resident of Lack-

awanna County, was scheduled to testify as a witness for J&J Metal Buildings Inc. on October 29. Since the filing of the instant action against J&J Metal Buildings Inc. in November 1991, plaintiff herein had been unable to effect service of the complaint. Learning of Jenkin's scheduled appearance at the Monroe County Courthouse on October 29, however, plaintiff reinstated the complaint and directed the sheriff to serve Jenkins on behalf of defendant corporation. Special instructions appearing on the sheriff's return of service filed provided as follows: "9:30 a.m., Courtroom no. 1, Judge Vican, Monroe County Courthouse." On October 29, 1992, at approximately 11:03 a.m., service was completed.

Defendant now challenges this service on the grounds that it violated the centuries-old rule which cloaks a nonresident with immunity from civil process while attending court within the jurisdiction where service was attempted.

A clear and concise statement of the rule conferring immunity upon nonresidents appears in *Cowperthwait v. Lamb,* 373 Pa. 204, 95 A.2d 510 (1953), wherein the court wrote:

"It is almost universally recognized that parties and witnesses in attendance on a court outside the territorial jurisdiction of their residence are immune from service of civil process while attending court, and for a reasonable time before and after, in going to court and returning to their homes. 72 C.J.S. *Process* §80, p. 1112 et seq.; 42 Am. Jur. *Process* §139, p. 119 et seq. In most jurisdictions the immunity from process of nonresidents is applied to witnesses or parties, who although residents of the state, are nonresidents of the county in which they are attending court: 42 Am. Jur. *Process* §146, p. 127; 72 C.J.S. *Process* §80(b), p. 1116. And this rule of im-

munity obtains in Pennsylvania. In the recent case of *Crusco v. Strunk Steel Co. et al.,* 365 Pa. 326, 74 A.2d 142 (1950), where a resident of Montgomery County claimed immunity from service in Philadelphia County while attending a hearing there, speaking through Chief Justice Drew, we said at p. 328: 'The privilege of exemption from service of civil process enjoyed by a non-resident suitor or witness in a civil action has long been recognized by our courts to be an exception to the general rule that a creditor may subject his debtor to service in whatever jurisdiction he may find him. *Hayes v. Shields,* 2 Yeates 222; *Miles v. McCullough,* 1 Binn. 77.'" *Id.* at 206, 95 A.2d at 511-512.

The court continued in *Cowperthwait* at 209:

"In defining the reason for the immunity rule, this court said in the *Crusco* case at p. 328: 'It is not a privilege of the individual, however, but of the court itself and exists that the business of the courts might be expedited and justice duly administered by insuring immunity to those who might not otherwise appear and whose attendance is necessary to the proper trial of a case: *Lamb v. Schmitt,* 285 U.S. 222; *Stewart v. Ramsay,* 242 U.S. 128; *Diamond v. Earle,* 217 Mass. 499; *Parker v. Marco,* 136 N.Y. 585. Because this exemption constitutes a derogation of a natural right of party creditors, it should not be enlarged beyond the reason upon which it is founded and should be extended or withheld only as judicial necessities require: *Lamb v. Schmitt, supra, Netograph Co. v. Scrugham,* 197 N.Y. 377.'"

"[The] 'reason upon which [the immunity rule] is founded' is fundamentally and primarily the desirability

that justice be administered by a full and fair hearing, unhampered by deterrence of the attendance of witnesses."

Thus the test to be administered in ruling upon preliminary objections of the nature currently before us is one of judicial necessity. In other words, we must ask: is immunity from process necessary to expedite the business of the courts and insure justice? *Geloski v. Starer,* 223 Pa. Super. 560, 302 A.2d 398 (1973).

The answer given by Pennsylvania courts in cases such as the one at bar has been a resounding no. It has been held that a nonresident who has initiated an action outside of the territorial jurisdiction of his residence, be it county or state, and is served with process in another matter while attending court in pursuit of the first claim in the jurisdiction of origin is not immune from service of process. *Geloski v. Starer, supra*; *Fahy v. Abbattoir,* 223 Pa. Super. 185, 299 A.2d 323 (1973).

The Superior Court of Pennsylvania based its holdings in the foregoing 1973 cases upon the determination that, as the defendant was within the jurisdiction to enforce certain rights to which he was laying claim and pursuing a matter of interest and importance to himself, immunity from process was not judicially necessary to ensure his court appearance within the jurisdiction. The court found in both cases that it was more important to uphold the validity of the service completed in order to allow for a full resolution of the dispute and to avoid delay.

The same result obtains here. Defendant corporation had filed an action in Monroe County. In pursuit of that claim, Mr. Jenkins travelled to Monroe County as a duly authorized representative of the company in order to testify. His appearance was definitely in the corpo-

ration's interest if it intended to succeed in its mechanic's lien action. Someone from the corporation had to appear to testify in order to prove the claim. It was in that same capacity, as agent and representative of defendant corporation, that Mr. Jenkins was served with a copy of the complaint in the case at bar.

Applying the legal principles outlined above, we find that service of process upon Mr. Jenkins for defendant corporation was proper. Defendant's preliminary objections are dismissed.

### ORDER

And now, February 9, 1993, defendant's preliminary objections in the nature of a motion to set aside service of the complaint are dismissed.